## Bacon, et al. v. Dickinson.

(Decided May 8, 1923.)

### Appeal from Todd Circuit Court.

1. Wills—Devise Held to Give Son Defeasible Fee.—A devise by testator of three tracts of land to his son, with provision that, if the son should die without legitimate bodily heirs, the land should revert to the heirs of testator, gave the son only a defeasible fee, and not an absolute fee.

2. Wills—Defeasance of Fee Held Not to Refer to Death Without Issue Before Death of Testator.—A provision in a devise of the fee that, if the devisee should die without issue, the property should revert to the heirs of the testator, could not refer, under any rule of construction, to the death of the devisee before the death of testator, because the will did not take effect until the death of the testator.

3. Wills—Defeasance of Fee Held Not to Refer to Devisee's Death During Life of His Mother.—Where realty was devised to testator's son by his second wife, a provision that if the son should die without issue the property should revert to the heirs of the testator could not be limited to death of the son without issue during the lifetime of the mother, if the devise to the son was entirely independent of the provisions for his mother, and there was no indication in the will of an intention to relate the two.

4. Wills—Defeasance of Fee Held Not to Refer to Devisee's Death During Trust Period.—Where land was devised in fee to testator's

son, with provision it should revert to testator's heirs if the son died without issue, the limitation is not to be construed as referring to the son's death within a period of five years, during which the residue was to be held in trust, if there was nothing in the will to show that testator had reference to any such period; but, in the absence of an indication of contrary intent, the devise will be defeated by the death of the devisee at any time without issue then living.

5. Wills—Conveyance by Mother and Brothers and Sisters Held not to Vest Indefeasible Fee in Devisee.—Where land was devised in fee to testator's son, with provision that it should revert to testator's heirs if the son died without issue, a conveyance by the testator's widow and the devisee's half brothers and sisters, who were then the heirs of testator, though giving the devisee an indefeasible estate as against any claim by the heirs joining in the deed, did not give him an indefeasible estate, valid as against others who might be heirs of testator at the time of the devisee's death.

6. Covenants—Grantors Held Chargeable on Warranty, if Other Heirs of Ancestor Became Entitled to Estate.—Where the widow and other children of a testator united in a conveyance to a devisee with covenant of general warranty of the property devised to the devisee in fee defeasible by the devisee's death without issue, the provision in the conveyance relinquishing rights of dower and homestead, which was manifestly intended to cut off the dower claims of the wives of the brothers, did not adversely affect the covenants of general warranty, so that the grantors in the deed would be liable if any other heirs of testator became entitled to a defeasance on the devisee's death.

W. B. REEVES, JR., for appellants.

S. Y. TRIMBLE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

This is a proceeding under the declaratory judgment law of 1922, by Phillip G. Dickinson against Maryetta D. Bacon and others, children and heirs of Dr. J. S. Dickinson, for a construction of the terms of the will of Dr. Dickinson and a declaration of the rights of appellee Phillip G. Dickinson thereunder, especially that clause wherein the testator devised three tracts of land in Todd county to his son Phillip, who is appellee herein, concluding with the sentence, "If my son Phillip G. Dickinson should die without legitimate bodily heirs, the said land to revert back to my estate and be equally divided between my legal heirs."

After the death of the testator, his widow, a second wife, mother of Phillip and stepmother to the other children, was dissatisfied with the provisions of the will and was about to renounce the will and take under the statutes when the children, all adults, including Phillip, entered into an agreement whereby each was to deed to the other in fee the lands devised by the father to them respectively. Pursuant to this arrangement a deed was made on July 31, 1912, in which Mrs. Fannie C. Dickinson, widow, was party of the first part and Phillip G. Dickinson and his wife, Hattie R. Dickinson, parties of the second part; Howard R. Dickinson and wife, Fannie F. Dickinson, parties of the third part; William J. Dickinson and his wife, Mary D. Dickinson, parties of the fourth part; Maryetta D. Bacon and her husband, Phillip E. Bacon, parties of the fifth part; Annie D. Ryals and her husband, William H. Ryals, parties of the sixth part; and Howard D. Dickinson and W. J. Dickinson, executors of the last will and testament of J. S. Dickinson, deceased, of Trenton, Kentucky, parties of the seventh part.

After reciting the purposes of the deed, that instrument in part reads:

"That the other parties to this conveyance have this day paid to the said party of the first part the sum of one thousand dollars ($1,000.00) cash, in consideration of which and other valuable consideration paid to and received by the said first party, and her son, of and from the other parties to this conveyance and in order to invest each of the said devisees, children of said testator, with title to the parcels of land respectively devised them by said will, and in order to fully identify said parcels of land, and in order to release and relieve all said lands and the whole of the estate of said testator, including said residuary estate left in trust as hereinbefore stated from any, every and all claim or claims of any and every kind and character direct and indirect, present and future, vested or otherwise of the said first party, all of the said parties hereto, excepting the second parties have bargained and sold and do hereby sell, alien, grant and convey unto the said second party, Phillip G. Dickinson, his heirs and assigns forever the following described tracts of land in Todd county, Kentucky, described as follows:"

(Here follows a description of the three tracts of land devised to Phillip B. by his father).

At the conclusion of the description of the land is a paragraph reading:

"Being the same devised to the said Phillip G. Dickinson by the will of his father, Dr. J. S. Dickinson, dated August 11, 1909, of record in the office of Todd county court in Will Book 'M,' page 496."

The habendum clause reads:

"To have and to hold all of said real estate with its appurtenances unto the said party of the second part (Phillip G. Dickinson), his heirs and assigns forever with covenant of general warranty, releasing all rights of homestead and dower."

By the same deed Phillip G. Dickinson and his wife conveyed to the other heirs the lands devised to them by their father and released all claim to any interest in the residuary estate. The prayer of the petition asked the court to adjudge that by the terms of the last will and testament of Dr. Dickinson his son Phillip G. was devised a perfect and indefeasible estate in and to the said three tracts of land; but if not, then that it be adjudged that, not having died without issue prior to his father's death, the said attempted limitation on his title was ineffectual; or, if not, that it be adjudged that the said attempted limitation had relation only to the duration of the particular estate of five years, wherein some portions of said estate remained in trust, and that plaintiff, not having died without issue, during said period of time, his title became perfect and indefeasible; or, if not, then that it be adjudged that the effect of the said deed of partition and conveyance and settlement, hereinbefore set forth had the effect to invest plaintiff with such perfect indefeasible fee in all said lands, and free from any contingent remainder therein, belonging to, or going to the legal heirs of the testator, at any time, and free from any limitation whatever; and he prayed that his title to said lands be quieted against any and all the adverse claims of any and all the legal heirs of testator, and all others, and that it be adjudged that he has a perfect indefeasible fee simple title to all said lands.

The defendants filed a general demurrer to the petition which, after consideration, the court overruled. A copy of the will and of the deed referred to and relied upon in the petition were filed as a part thereof. No answer was filed by the defendants, or either one of them. The cause being submitted for judgment the court held that the clause in the will reading: "If my son Phillip

G. Dickinson should die without legitimate bodily heirs, the said land to revert back to my estate and be equally divided between my legal heirs,'' did not create or embrace any limitation upon the title of the said Phillip G. Dickinson to the land devised to him by his father. It was further held that inasmuch as two children have been born to Phillip since the death of his father and before the commencement of this action, both of whom were living at the time of the judgment, the concluding words from the will had lost all effect because the defeasance related to the possible death of Phillip G. Dickinson without legitimate bodily heirs prior to the testator's own death; that if the 9th clause of the will did not have reference to the possible death of Phillip before the death of the testator, then it related to the possible death of Phillip G. Dickinson without legitimate bodily heirs during and before the expiration of the aforesaid particular trust estate lasting five years after the testator's death; or, if not this, then that it related to the death of Phillip without issue before the death of his mother. The court further adjudged that the deed of date July 31, 1912, between the heirs conveyed all the right, title and interest which all the other children of Dr. Dickinson had in the land devised to Phillip, to Phillip absolutely, and divested said other children of all right to any remainder or reversion in the land.

We think the lower court was in error in holding that the devise to Phillip passed the fee absolute. He took a defeasible fee only under the will, as we understand and interpret the 9th section thereof. It was the intention no doubt of the testator to keep the property in the family—not allow it to pass to the heirs of his son Phillip through his mother. Phillip at that time had no children and the testator fearing that his son Phillip would never be a father and that the land which he devised to his son might, through the death of his other children, pass to heirs not his own, provided that in case Phillip died without leaving heirs of his body the said land so devised should revert to the estate of the testator and pass to his heirs. Of course this limitation or expression ''dying without heirs of his body'' related to the death of Phillip after the death of the testator, because the will speaks from the date of the death of the maker. It could not have referred, under any rule of construction known to us, to the death of Phillip before the death of his father, because the will did not take ef-

fect until the death of Dr. Dickinson. Neither could said clause have had reference to the death of the mother of Phillip, because her death did not affect in any way the title of Phillip. The devise to Phillip was entirely independent of the devise to his mother. They had no relation. If we should hold that the clause ''die without issue'' referred to the death of the mother of Phillip it would be a mere assumption without any fact or circumstance to support it. It is said, however, that the death of Phillip without issue had reference to his dying before the expiration of the five-years' trust period which the testator fixed with respect to the residuary estate, but there are no facts or circumstance; so far as the record shows, to justify the court in reaching the conclusion that the testator had reference to any such period. ''Where there is no intervening estate, and no other period to which the words 'dying without issue' can be reasonably referred, they are held, in the absence of something in the will evidencing a contrary intent, to create a defeasible fee which is defeated by the death of the devisee at any time without issue then living.'' Harvey v. Bell, 118 Ky. 512; Simpson v. Adams, 127 Ky. 790; Johnson v. Powell, 160 Ky. 591; Bradshaw v. Williams, 140 Ky. 160. There was no intervening estate. We therefore conclude from the language of the will that the testator intended the land devised to his son Phillip to revert to his estate on the death of Phillip at any time without issue living.

The deed of date August 31, 1912, made between the heirs was sufficient in our judgment to divest Mrs. Bacon and the other children and the then heirs of Dr. Dickinson of all interest, present and future, reversionary or otherwise, which they, or any of them, had in and to the three tracts of land devised by their father to Phillip and to invest Phillip with the fee simple title to all of said three tracts of land insofar as these grantors may happen to be heirs of Dr. Dickinson at the death of Phillip, but no further. Who will be the heirs of Dr. Dickinson at Phillip's death is unknown and unknowable until the happening of that event. All the other children may die before Phillip; if so, the deed they made will not protect his title in case he dies without issue living, although their estates may be liable under the warranty. If the will had provided for the reversion of the land to the children instead of the heir of testator, the deed would be all sufficient. Reading as it does the estate of appellee Phillip G. Dickinson is subject to revert to the heirs of

the testator if Phillip should die without issue. The deed provided that Phillip and his heirs or assigns shall have and hold all of said real estate with its appurtenants forever, and the grantors, his half-brothers and half-sisters, covenanted with him that they would warrant and defend the title against all persons whomsoever. The mother released her right of homestead and dower in and to the real property, and this last expression is no doubt partly responsible for this controversy. It reads, "releasing all rights of homestead and dower." Potentially the wives of the several husbands who joined in the deed as well as the widow of the late Dr. Dickinson had homestead or dower in the said lands if Phillip was not theretofore invested with the fee simple, and this expression was intended, as we apprehend, to divest both the widow of the testator and the wives of the several sons of all claim to homestead or to dower in the said lands, and did not adversely affect the covenants of general warranty which they and their husbands made by the said conveyance.

It follows from what has been said that the declaratory judgment of the lower court was and is erroneous and must be reversed for proceedings not inconsistent herewith.

Judgment reversed.