## Littell et al. v. Littell et al.

(Decided December 20, 1929.)

OVERTON S. HOGAN and R. L. WEBB for appellants.

C. C. ADAMS for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

William Littell, who was survived by his widow and eight children, died a resident of Grant county in the year

1896, leaving a will dated April 13, 1896, which together with codicils dated June 11 and June 19, 1896, was duly probated in the Grant county court. In item first of his will he made provision for his wife, Mary Littell. The next provision is as follows:

"Item Second. I devise and bequeath to my son Gus Littell the land upon which he now lives, containing One Hundred and Fifty acres as described in deed from John N. Dickerson and wife and James F. Dickerson and wife to William Littell, dated December 23, 1895, valued at Three Thousand & Two Hundred Dollars.

"I also give my son Gus, Nine Hundred Dollars in cash as an advancement this being debts which I have paid and am to pay, One note to Dr. R. H. O'Hara $325.00 and One note to Grant Co. Dep. Bank on which I am surety for him. This land is willed to Gus Littell and his bodily heirs, and should he die without bodily heirs then this land is to be equally divided among his brothers and sisters or their bodily heirs."

In items third to ninth, inclusive, he devised and bequeathed certain property to each of his other seven children, and provided in each instance that the land was willed to him and his bodily heirs, or to her and her bodily heirs, and that if he or she should die without any bodily heirs then the land was to be equally divided among his other brothers and sisters or their bodily heirs. The codicils have no bearing on the questions involved.

Gus Littell, the devisee in item second of the will of William Littell, died in the year 1929, survived by his widow, Jennie Littell. His will, which was duly probated in the Grant county court, appoints his wife executrix, and in addition to other provisions contains the following: "2nd. I give and bequeath to my wife, Jennie Littell, my entire estate both personal and real that I may possess at the time of my decease, consisting now of *of* 150 acres of land on the Sherman and new town pike and known as the William Dickerson farm, and 17 acres of land on the Sd. Sherman and Newtown Pike on which is a residence and known as the T. J. Spilman homestead The *Sed,* 17 acres is now owned jointly by me and my wife Jennie Littell."

This suit was brought by Ernest Littell and others, the brothers and sisters of Gus Littell, against Jennie Littell individually, and as executrix of the estate of Gus Littell, to quiet their title to the 150-acre tract of land on the Sherman and Newtown Pike known as the William Dickerson farm. The basis of the suit is that Gus Littell died without bodily heirs, or lineal descendants, and that the title to the land thereupon passed to plaintiffs under and by virtue of item second of the will of William Littell, and therefore the will of Gus Littell was inoperative to that extent. The chancellor sustained the contention of plaintiffs and rendered judgment accordingly. Defendants appeal.

Appellant relies on those cases holding that a limitation over after a devise of a fee is void. Cralle v. Jackson, 81 S. W. 669, 26 Ky. Law Rep. 417; Ray v. Spears, 65 S. W. 867, 23 Ky. Law Rep. 1338; Humphrey v. Potter, 70 S. W. 1062, 24 Ky. Law Rep. 1264; Clay v. Chenault, 108 Ky. 77, 55 S. W. 729, 21 Ky. Law Rep. 1485. Manifestly, that principle applies only where the first devisee takes a fee simple absolute, and has no application to a case where he takes only a defeasible fee. The reason is this: The very essence of a defeasible fee is that it terminates on the happening of a particular event. Hence, a limitation over after the happening of that event is in no sense a limitation over after a devise of the fee. On the contrary it takes effect only after the first estate has been defeated. Therefore we must first determine whether or not there was a devise of the fee in the first instance, a question which, under the settled rules of this court, depends upon the intention of the testator as gathered from the entire will. Walker v. Irvine's Ex'r, 225 Ky. 699, 9 S. W. (2d) 1020. Appellants' contention is this: Not only was Gus Littell devised a fee in the first sentence of the clause in question, but the words "to Gus Littell and his bodily heirs," in the concluding sentence, created an estate tail, which was likewise converted into a fee. Though it be true that the testator first used words sufficient to import, a fee, he did not stop there, but went on and used the words, "This land is willed to Gus Littell and his bodily heirs, and should he die without bodily heirs then this land is to be equally divided among his brothers and sisters or their bodily heirs." If he had merely said, "This land is willed to Gus Littell and his bodily heirs," there would be room for the contention that Gus took an estate tail which by section 2343, Kentucky Statutes, is

converted into a fee. However, that is not the case. The words last quoted are followed by the words, "and should he die without bodily heirs then this land is to be equally divided among his brothers and sisters or their bodily heirs." This language is just as much a part of the will as the first sentence. It is the testator's culminating thought with respect to the character of estate devised to his son, and declares his intention in language that cannot be ignored or misunderstood. In the circumstances there can be no escape from the conclusion that Gus Littell took a defeasible fee. Wills v. Wills, 85 Ky. 486, 3 S. W. 900, 9 Ky. Law Rep. 76; Bacon v. Dickinson, 199 Ky. 121, 250 S. W. 807; Laughlin v. Neeley's Ex'x, 223 Ky. 656, 4 S. W. (2d) 690; American Christian Mission Society v. Tate, 198 Ky. 621, 250 S. W. 483; Parepoint v. Parepoint's Adm'r, 228 Ky. 639, 15 S. W. (2d) 513. And there being nothing in the will showing a contrary intent, and no intervening estate nor other period to which the words, "die without bodily heirs," may reasonably refer, they refer to the death of the devisee at any time. Section 2344, Kentucky Statutes. Harvey v. Bell, 118 Ky. 512, 81 S. W. 671, 26 Ky. Law Rep. 381; Atkinson v. Kern, 210 Ky. 824, 276 S. W. 977. As Gus Littell took only a defeasible fee subject to be defeated by his death at any time without bodily heirs, it necessarily follows that at his death without bodily heirs his estate in the land terminated, and the title then passed to appellees, his brothers and sisters, under the will of his father, William Littell. That being true, his will was inoperative to the extent of the land in question, and the chancellor did not err in so holding.

Judgment affirmed.