## Hardin et al. v. Sherley et al.

Dec. 1, 1942.

J. Ballard Clark for appellant.

D. E. Wooldridge for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

This appeal involves the construction of the will of A. A. Garr, who died in 1922 a citizen and resident of Oldham county, Kentucky. The will reads:

"I, A. A. Garr, do make and publish this my last will and testament as follows: After all my debts and funeral expenses are paid I give all my property that I may die seized and possessed of both personal and real to my wife, Mattie B. Garr, for and during her life or as long as she remains my widow the said Mattie B. Garr to be entitled to the use and benefit of said property as long as she lives and remains my widow but if said Mattie B. Garr marries again then or at the time she dies all of my said property is to go to my three children, Shirley Garr, Lulia Adams and Leola May Garr, one-third to each under the following conditions, the one-third that goes to Shirley Garr, he is to have in fee simple, the one-third that goes to Lula Adams, she is to only have for and during her life and at her death the same is to go in fee simple to her child or children she may leave surviving her but if she should die and leave no child or children surviving her then the one-third given to her for life herein is to go to Shirley Garr and Leola May Garr and the one-third of my property that goes to Leola May Garr at the marriage of Mattie B. Garr or death, she is to have during her life and at her death the same is to go to the child or children of the said Leola May Garr, that she may leave surviving her but if at the death of the said Leola May Garr she leaves no child or children surviving her then said one-third of my property that I give to said Leola May Garr for her life is to go to Lulia Adams and Sherley Garr, or the Survivor, the interest that Lula Adams or Leola May Garr might receive from the other in the event

they or either of them should die leaving no child or children is to be same and go in the same way that is provided in this will in regard to the one-third interest that each receive in my property at the marriage or death of my wife, Mattie B. Garr. * * *''

All three of the children of testator predeceased their mother, the life tenant. The death of the three children, remaindermen, occurred as follows: Lula Adams, 1930; Sherley Garr, 1935; and Leola May Garr, 1937. None of them left any issue. Mattie B. Garr, who never remarried, died testate in 1940, and by the terms of her will she devised all her property to her brother and sister, the appellees, T. Z. Sherley and Zula Duncan. A controversy arose between the collateral heirs of the testator and T. Z. Sherley and Zula Duncan as to the ownership of the property, whereupon the heirs of A. A. Garr, appellants in this appeal, brought this action under the provisions of the Declaratory Judgment Act, Section 639a-1 et seq., of the Civil Code of Practice, to have the will of A. A. Garr construed and a declaration of the rights of the parties. The questions presented in the petition to be determined by the court, are (1) whether or not Sherley Garr took a fee simple title to one-third of the property of the decedent; (2) who inherited the one-third interest devised to Lula Adams; (3) who inherited the interests of Sherley Garr upon his death; (4) who inherited the share of Leola May Garr upon her death; and (5) whether or not the appellants as heirs at law of A. A. Garr, deceased, inherited all interests, or one-half interest, or any interest in the estate of the decedent, A. A. Garr.

Briefly stated, it is the contention of appellants that since all the remaindermen predeceased the life tenant there was no vesting of the remainder, and at the death of the life tenant the property reverted to the estate of testator and descended under the Statute of Descent and Distribution to his heirs; or, if they be mistaken in this, in any event, the interest of Leola May Garr, who died in 1937, reverted to the estate of testator and descended to his heirs. It is the contention of appellees that Mattie B. Garr inherited from Sherley Garr the whole of the estate devised in testator's will, and was the owner in fee simple of same at the time of her death and the whole estate passed to her devisees by virtue of her will. The chancellor construed the will, giving it the meaning and

construction contended for by appellees. Hence, this appeal.

It is apparent from the whole will that testator intended to dispose of his entire estate. He made provisions for remainders, contingencies, etc., and plainly provided for the vesting of the whole estate upon the occurrence or nonoccurrence of the events provided in the will. It is a cardinal rule of construction of wills that complete testacy is favored over intestacy or partial testacy unless the contrary intent is plainly expressed or necessarily implied; Davis v. Bennett's Ex'r et al., 272 Ky. 674, 114 S. W. (2d) 1150; Bourne v. Johns, 233 Ky. 448, 26 S. W. (2d) 13, and this is epecially true where all residues and remainders are disposed of. Shaver v. Weddington et al., 247 Ky. 248, 56 S. W. (2d) 980; Bean et al. v. Bean et al., 271 Ky. 403, 112 S. W. (2d) 70. And where the will is susceptible of two constructions the law favors the one which disposes of the entire estate. Barnes et al. v. Johns et al., 261 Ky. 181, 87 S. W. (2d) 387. And, as was said in the case of Slack v. Downing et al., 233 Ky. 554, 26 S. W. (2d) 497, there can be no such thing as an unvested title to real estate. The title is in someone at all times but never hovering about in the clouds waiting for the happening of some event, when it can be settled and fixed in some person. It is obvious that the title to testator's property vested at his death in the way and manner set out in the will. But, since in whom and how the property vested is the bone of contention between the parties, an analysis of the will becomes necessary.

To avoid possible confusion it must be remembered at the outset that testator devised to Sherley Garr one-third interest in fee simple (subject to Mattie B. Garr's life estate) but the interest devised to Lula Adams and Leola May Garr were life estates only; and, the interest that Sherley Garr might receive from either of his sisters, Lula or Leola May, was in fee simple, subject to the defeasance provided in the will, but the interest that either Lula or Leola May might receive from the other "is to be the same and go in the same way that is provided in this will in regard to the one-third interest that each receive in my property at the death or marriage of my wife, Mattie B. Garr;" that is, a life estate only. But in no event were the daughters or either of them ever vested with the fee simple title, contingent, defeasible, or otherwise, to any part of testator's estate.

It is too plain to admit of doubt that upon the death of A. A. Garr, Sherley Garr became vested with the fee simple title to one-third interest in the property, subject to Mattie B. Garr's life estate; and, upon the death of Lula Adams in 1930 he, Sherley Garr, became vested in fee simple to one-half of her interest plus his one-third, or one-half of the whole estate, and Leola May took the other half of Lula's share, plus her one-third interest, or the other half of the whole estate for life, then to her living issue, if any, and if none, to Sherley in fee simple, subject to be defeated upon the death of Leola May leaving issue surviving her. Walker et al. v. Walker's Adm'r. 239 Ky. 501, 39 S. W. (2d) 970; Littell et al. v. Littell et al., 232 Ky. 251, 22 S. W. (2d) 612; Shaver v. Weddington et al., supra. This was a vested interest subject to the defeasance stated above, and when Sherley died this interest passed to his mother, Mattie B. Garr, subject to the same defeasance, and since the defeasance did not occur, at the death of Leola May her interest in the estate vested in Mattie B. Garr as the heir of Sherley. Or, stated differently, upon the death of Sherley, his mother, Mattie B. Garr, stepped into his shoes and inherited from him what he would have taken under the will had he survived Leola May.

The judgment of the chancellor being in harmony with our views, it is accordingly affirmed.