## Cornelison v. Yelton et al.

Feb. 1, 1944.

502

John Noland, Fritz Krueger and H. O. Porter for appellant.

E. C. McDougle and Carl Eversole for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In December, 1905, Ballard E. Million, grantor, executed and delivered to his wife, Mary E. Million, grantee, the following deed:

"This Deed between Ballard E. Million of the first part and Mary E. Million of the second part,

"Witnesseth: That the said party of the first part in consideration of One Dollar cash paid and love and affection the receipt of which is hereby acknowledged, do hereby sell, grant and convey to the party of the second part, her heirs and assigns, provided she should sell same during the life of first party, if not then to second party during her life and at her death if first party is alive to him and his children, if dead his children the following property viz:" (Here follows description.)

"To Have And To Hold the same, with all the appurtenances thereon, to the second party her heirs and assigns forever if sold by her during life of first party if not as above stated, with Covenant of 'General Warranty.' "

The property was inherited by grantor from his ancestors, and his wife, grantee, had no interest therein except her marital rights.

At the time of the execution of the deed grantor and grantee had one child, Willie Million, who was about sixteen years old. Willie died about two years later, leaving no issue. No other children were born to grantor and grantee. Grantor and grantee resided together on the property until the death of grantor which occurred in December, 1938, during which time grantee did not exercise the power of sale of the property as provided in the deed. Grantee died in November, 1941, leaving a will dated —— February, 1941, by which she devised all her property, real and personal, to her nephew, Eli C. Cornelison, the appellant in this appeal.

After the death of grantee a dispute arose between appellant and the heirs at law of grantor as to the ownership of the property, and the heirs of grantor, the appellees, brought this action by which they sought to be adjudged the owners of the property as the heirs at law of grantor. Appellant contends that under the provisions of the deed and contingencies provided therein, Mary E. Million, grantee, became vested with a fee simple title and had the right to dispose of the property by will or otherwise and that he is the owner of the property under the will. The chancellor construed the deed and held and adjudged appellees to be the owner of the property as heirs at law of grantor.

It is at once apparent that the grantor did not completely divest himself of the fee simple title but retained a reversionary interest subject to be defeated by the happening of the contingencies provided in the deed. When Willie Million died, if he was vested with any interest in the property, such interest reverted to the grantor under the rule that a person dying in infancy without issue his interest in real·estate reverts to the parent from which it came. Since the grantee did not sell the property during the lifetime of the grantor that part of the deed, power to sell, passes out of consideration and with that part of the deed eliminated it was the same as if the grantor had merely conveyed the property to the grantee during her life with the remainder reserved to the grantor and his children jointly if grantor be living, and if he be not living, then to his children, and if no living children, then to grantor.

There is no language in the deed from which it could be even inferred that grantor intended for grantee to have the fee or anything more than a life estate, except the provision that she may sell the property during grantor's lifetime, which,' as we have already stated, passes out of consideration because she did not so dispose of the property. Appellant insists that since grantee survived her husband and the child living at the time of the execution of the deed, and no other child or children having been born to them, grantee then became vested with the fee simple title because there was no one living in whom the remainder could vest. As pointed out in the case of Hardin et al. v. Sherley et al., 292 Ky. 275, 166 S. W. (2d) 425, and cases therein cited, there can be no such thing as unvested title to real estate. The title is in someone at all times but never hovering about in the clouds waiting for the happening of some event, when it can be settled and fixed in some person. We think this is applicable to the present case. The remainder after the expiration of the life estate of grantee was at all times in the grantor, subject to be defeated by the contingencies provided in the deed which did not occur.

At the time of grantor's death he was vested with remainder in fee subject to be defeated only in the event that a posthumous child was born to grantee within the time allowed by law and, no child having been born to grantee, the remainder then completely vested in the grantor as though he were living, but since he had predeceased grantee, it vested in his estate or those who would inherit from him. Hardin et al. v. Sherley et al., supra. In that case the testator devised a life interest in his estate to a daughter with remainder to her issue, and if no issue, to testator's son in fee. The son died in 1935 and the daughter died in 1937 leaving no issue. It was held that at the time of the death of the son he was vested with remainder in fee of the daughter's share subject to be defeated by her leaving issue, but since she left no issue, at her death the possibility of defeasance failed and the son's mother inherited same from him. See also, as having some bearing on the question, though perhaps not directly in point, Whayne et al. v. Davis et al., 66 S. W. 827, 23 Ky. Law Rep. 2174; Coots v. Yewell et al., 95 Ky. 367, 25 S. W. 597, 26 S. W. 179, on rehearing. Many other authorities of a like nature might be cited but we think the language of the

deed itself, construed in the light of the subsequent events in respect of the contingencies and the authorities, supra, are conclusive of the question involved. The chancellor's judgment 'is correct.

Judgment affirmed.