## Atkinson v. Kern, Trustee, etc., et al.

(Decided October 30, 1925.)

## Appeal from Bath Circuit Court.

1.  Wills—Limiting Words in Devise if Devisee "Dies Without Heirs" Held to Create a Defeasible Fee, Defeated on Death of Devisee at Any Time Without Heirs.—Limiting words in a devise giving an estate to another if devisee "dies without heirs," there being no intervening estate and no contrary purpose disclosed in will, refers to death of devisee at any time, in view of Kentucky Statutes, section 2344, and creates a defeasible fee, defeated by death of devisee without heirs before or after death of testator.

2.  Wills—In Devise, Limited if Devisee Dies Without Heirs, Appointment of Trustee for Devisee Indicates Intention to Grant Fee, to be Defeated on Death of Devisee at Any Time Without Heirs.—In devise to a daughter, but if she dies without heirs estate goes to brother, the appointment of a trustee to manage estate for daughter indicates an intention of granting a defeasible fee, to be defeated by daughter's death at any time without heirs, rather than an absolute fee on death of testator.

C. W. GOODPASTER for appellant.

ROBERT H. WINN for appellees.

Opinion of the Court by Judge Thomas—Affirming.

The appellant and plaintiff below, Mary Lou Atkinson, is the maiden daughter of John M. Atkinson, deceased, who died testate while a resident and citizen of Bath county in 1880, survived by two children, the plaintiff, and a son, John W. Atkinson, the latter of whom died in 1885 survived by two children, the appellees, T. Hughes Atkinson and Lucy M. Atkinson. The third clause of John M. Atkinson's will says: "I will to my son, John, and my daughter, Mary Lou, all the rest of my estate of every description, to their own separate use and

benefit. If my daughter should marry and die without heirs then her portion of my estate is to go to her brother. I am security for my son for — dollars; if he should fail to pay any part of it, whatever he fails to pay is to be paid out of his portion of my estate.'' The seventh clause appoints commissioners to lay off dower to his widow, and divide the land which he devised between his children, and then says: ''I appoint my son, John W. Atkinson, trustee for my daughter, Mary Lou, to sell and rent her property. If she should want to sell her land the amt. is to be reinvested in real estate in her name before the title to the land I leave her shall be good.''

The excerpts from the will are the only applicable portions of it bearing upon the sole question in this case, which is: What character of estate did the testator's daughter, the plaintiff, take in his property, *i. e.*, whether an absolute one after his death survived by her, or a defeasible fee subject to be defeated by her death *at any time* without leaving issue surviving her, which the testator manifestly meant by the use of the words ''without heirs'' in the sentence of clause three of his will saying, ''If my daughter shall marry and die without heirs, then her portion of my estate is to go to her brother?'' It was the contention of plaintiff that, having survived her father under whose will she obtained title, the event of her death ''without heirs,'' as used in the will, should be referable to such death before that of her father, and having survived him she took under his will an absolute fee, and she relies in support of her contention upon the case of Rue v. Lisle, 200 Ky. 520, and others referred to therein and to be hereafter noticed; while it was the contention of defendants that the limiting words in the will referred to plaintiff's death *at any time* without heirs or children, and that the estate she took under it was and is a defeasible fee, subject to be defeated by her death at any time without children or issue surviving her, and they rely in support of that contention upon the cases of Linton v. Lail, 201 Ky. 698, and Kimbell v. Palmer, 202 Ky. 676, and others cited therein, which latter will also be referred to during the course of this opinion. The court in its judgment adopted the contention of defendants and followed the Linton and other cases relied on by them and adjudged that plaintiff took a defeasible fee in the land devised her by her father's will, and complaining of that judgment she prosecutes this appeal.

At common law the limitation words of "dying without heirs," or "without children," or "without issue," or words of like import as applied to the estate created by the conveying instrument, had reference to an *indefinite* failure of issue, heirs, children, &c., and in effect, created an estate tail. To circumvent that construction placed upon such limitations by the English courts, an act of Parliament was passed in 1837 providing, in substance, that such limitation should be construed as importing a failure of issue in the lifetime or at the death of the devisee or vendee. In 1796, four years after the admission of Kentucky into the Union, our legislature enacted our present statute converting common law estates tail into fee simple titles; but notwithstanding that statute there was some confusion as to wheher under it the limiting words "dying without heirs," etc., had the effect to create an estate tail which the statute would convert into a fee simple. In 1851 (2 Stanton's Revised Statutes, page 227) our legislature enacted section 2344 of our present statutes, saying: "Unless a different purpose be plainly expressed in the instrument, every limitation in deed or will contingent upon a person dying 'without heirs,' or 'without children,' or 'issue,' or other words of like import, shall be construed as a limitation to take effect when such person shall die, unless the object on which the contingency is made to depend is then living, or, if a child of his body, such child shall be born within ten months next thereafter." Notwithstanding that statute, this court, following some prior cases and apparently overlooking the statute, rendered some opinions in direct conflict with its provisions; while there were others rendered following such provisions, until finally the case of Harvey v. Bell, 118 Ky. 512, reached this court. In the exhaustive and painstaking opinion rendered in that case the leading prior ones were referred to and discussed. Where possible they were reconciled with the provisions of section 2344, but where it was impossible to do so, such conflicting opinions were discarded; and in that opinion four rules were laid down for the future application of such limiting language under the facts stated in each of them. Those four rules as formulated in the Linton case were:

"1. Where an estate is devised to one for life, with remainder to another, and it is further provided if the remainderman die without children or

issue, then to another, the rule is that the words 'dying without children or issue' are restricted to the death of the remainderman before the termination of the particular estate.

"2.   Where property is devised to one or more infants, to be held by trustees or guardians until they are of age, and then turned over to them or divided between them, with the provision that if any of them die without issue it shall go to the survivor or survivors, or if all die to a third person, the limitation as to 'dying without issue' is to be limited to a death in infancy before the period of distribution.

"3.   Where by the instrument there is a devise to a class, and the period of division is postponed, even where the devisees are not infants, the rule is that the limitation as to dying without issue has reference to a death without issue before the period of division fixed.

"4.   On the contrary, where there is no intervening estate, and no other period to which the words 'dying without issue' can be reasonably said to have reference, they are held, in the absence of something in the will showing a contrary purpose, to create a defeasible fee, which may be defeated by the death of the devisee at any time without issue surviving him."

Despite the clarity of them, some following opinions of this court applied the first three to the identical state of facts stated in number 4 and which are presented in this case, i. e., "Where there was no intervening estate, and no other period to which the words dying without issue can reasonably be said to have reference," without anything in the instrument showing a contrary purpose, as creating a limitation which was wholly destroyed by the devisee or vendee surviving the maker of the title paper, and which opinions were based upon prior ones, the facts of which brought them within one or the other of the first three rules laid down in the Harvey opinion, and were, therefore, not precedents for the opinions that departed from the facts set forth in rule 4 of that opinion. The cases supporting appellant's construction and which were based upon the facts stated in rule 4 in the Harvey opinion will be referred to as the "departing cases," while the others rendered since that opinion upon

facts bringing them within its rule 4 will be referred to as the "supporting cases."

The departing cases so far as we have been able to find are Calloway v. Calloway, 171 Ky. 366; Pruitt v. Pruitt, 178 Ky. 345, and Rue v. Lisle, *supra*. In each of those opinions prior cases are cited which we will not insert here, since they may be found in those opinions, and none of them supports appellant's contention, nor were they authorities for the conclusions reached in those opinions, since the cited cases in each of the three departing opinions (except where one of them was cited) were bottomed upon the facts stated in one of the first three rules laid down in the Harvey opinion, or from a construction of the language used in the paper conveying the estate and wherein the court reached the conclusion that a *contrary purpose* was intended by the maker of the paper from that dealt with in section 2344, *supra.* The departing cases, therefore, while supporting appellant's contention, were themselves bottomed on unsupporting opinions, and were each in direct conflict with, not only the section of the statutes (2344), but with rule 4 laid down in the Harvey opinion.

Strange as it may seem, while the erroneous conclusions announced in the opinions were being rendered by this court in the departing cases there were other opinions being rendered which were in perfect accord with both the section of the statute, *supra,* and each of the rules laid down in the Harvey opinion, and when the facts of those supporting opinions came within rule 4 of the Harvey opinion it was followed, and the rule of construction was announced to the effect, that in all cases where there was no intervening estate and no other period to which the limiting words could reasonably refer, a defeasible fee was created, subject to be defeated by the death of the first taker at any time without surviving issue, heirs, &c., unless a contrary purpose appeared in the instrument creating the estate. Such supporting opinions rendered since the Harvey one are Bradshaw v. Williams, 140 Ky. 160; Duncan v. Duncan, 150 Ky. 824; Hanna v. Pruitt, 153 Ky. 310; Linton v. Lail and Kimbell v. Palmer, *supra.* In many of the other opinions cited in Rue v. Lisle and Linton v. Lail, though not based upon facts bringing them within rule 4 of the Harvey opinion, this court acknowledges that rule as

being the guiding one under facts calling for its application.

We, therefore, find that there are two lines of opinions based upon identical facts and which are diametrically opposed to each other, some of which on each side of the proposition are very recent, and we are called upon in this case to adopt which line of reasoning, as contained in those opinions, we will follow in the future. As we have seen, by far the greater number of our prior opinions touching the subject are harmonious, in that their facts fit one or the other of the four rules laid down in the Harvey opinion and which was controlling in the particular case, but so far as they depart from those rules when their facts bring them within another of them they are in direct conflict, and no court can proceed with a conflicting set of opinions upon identical facts.

Since the departing opinions refer to prior ones that do not support them, and since they are in conflict with, not only rule 4 in the Harvey opinion, but likewise in conflict with section 2344, *supra,* of our statutes, we conclude that they should not prevail and that the correct rule is, that where an estate is given or conveyed directly to the devisee without any intervening particular estate and without anything in the instrument indicating a contrary purpose, limiting words such as we have in this case, have reference to the death of the taker *at any time,* and that the appellant in this case, under the will of her father, creating the situation just referred to, took a defeasible fee in the devise to her of his land subject to be defeated by her death at any time without heirs or without issue, there being nothing in the will indicating a contrary purpose on the part of the testator. However, as supporting that conclusion, it does appear in the will that he appointed a trustee for his daughter and empowered him to rent or sell her devised property and to reinvest it in other real estate in her name; none of which duties could be exercised by the trustee until after the death of the testator, and all of which, it would appear, would be useless if plaintiff would become vested with the absolute title upon the condition that she survived her father.

Before closing the opinion we might further add that, independently of the statute, or the assistance of the elucidating opinion in the Harvey case, the conclusion we have reached, if the question was one of first impression, is the logical and proper one to adopt; for as

long as the testator lives he has no need to concern himself about deaths of first takers, since if it be his purpose to alter his testamentary desires as expressed by him in his will, he has ample opportunity to do so before his death and after the death of the first taker designated by him in his will. There would, therefore, seem but little logic supporting the theory that the testator in such cases meant, by the use of the limiting words, the defeat of his devise *only* upon condition that the first taker should die before he did.

The court having reached the conclusion that we have herein adopted, the judgment is affirmed. Whole court sitting.