## Walters v. Walters.

(Decided March 27, 1931.)

R. F. MATTHEWS for appellant.

GEORGE L. WILLIS, JR., for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

Arising in a suit for specific performance to convey a tract of land, this appeal involves the construction of the will of the late R. R. Walters.

By the first clause the testator provided for the payment of his debts and funeral expenses. By the second clause he advised absolutely to his wife one-third of his estate. The remaining provisions are as follows:

"Item 3: I will and bequeath all of the remainder of my property, both real and personal, to my

son, Clifford Walters, he being my only living child. In case that I shall hereafter have born to me a child or children, then I will that this two-thirds of my property will to Clifford Walters shall be equally divided between my living children.

"Item 4: In case of the death of any of my children leaving no lawful issue, then the part devised to them shall go to the child or children surviving them. In case of the death of all of my children leaving no lawful issue, then I will and bequeath the part devised to them as follows:

"Item 5: I will and bequeath to the Christian Church Widow's and Orphans Home, situated in Louisville, Kentucky, two thousand dollars. The remainder of this two-thirds willed to child or children to be equally divided between my brothers and sisters leaving or having lawful issue."

Between the date of the will and testator's death, there were two other children born to him. The three children and his wife survived him. The particular question presented is whether the devise to appellee, Clifford L. Walters, a son, is in fee simple or a defeasible fee. The answer is dependent upon whether the contingency contained in item 4 of the will refers to the death of the children without issue before the death of the testator, or their death without issue at any time. Section 2344 of the Statutes is controlling. Different constructions were placed upon that statute in applying it until the opinion of Atkinson v. Kern, Trustee, 210 Ky. 824, 276 S. W. 977, 978, when a definite interpretation was established and cases out of line with it were in effect overruled. That definite construction in so far as it relates to provisions similar to those of the will before us is:

"Where there is no intervening estate, and no other period to which the words 'dying without issue' can be reasonably said to have reference, they are held in the absence of something in the will showing a contrary purpose, to create a defeasible fee which may be defeated by the death of the devisee at any time without issue surviving him."

This rule has been followed and applied in the subsequent cases of Wallen v. Nicely, 222 Ky. 825, 2 S. W. (2d) 648; Laughlin v. Neeley's Executrix, 223 Ky. 656, 4 S. W. (2d) 690; and Lightfoot v. Beard, 230 Ky. 488, 20 S. W. (2d) 90.

In this will there is no intervening estate before that devised to the testator's children. The estate devised to them is limited by item 4. Each child is to take his share absolutely unless he dies without issue. If any child does so die, his title fails and the survivors receive that one's part. If all of them die without issue then the estate is to be distributed among those named in item 5. But it is contended that there is "something in the will showing a contrary purpose," and that there is another period to which the phrase "the death of any of my children leaving no lawful issue" can be reasonably said to have referred. The argument is made that as the testator was so careful in item 3 to make an equal distribution among all his children living at the time of his death, his purpose was carried into item 4, and that there is a continuity of his previously expressed desire for equal distribution among his own children living at his death or the children of any who might predecease him, to the exclusion of all others named, and it was only in case he died without such direct descendants that those mentioned in item 5 should receive the estate.

The argument would be meritorious if the will stood alone. But we must be guided by the statute which in effect becomes a part of the will. It provides that a different purpose must be plainly expressed in the instrument else the contingency or limitation will take effect upon the death of the beneficiary at any time. Such contrary purpose, in our opinion, is not clearly or plainly manifested in this will, and we are constrained to hold that the appellee has only a defeasible fee in the land involved. Upon such construction the chancellor should have overruled the demurrer to the answer.

The judgment is reversed for consistent proceedings.