## Thurman et al. v. Northwestern Mutual Life Insurance Co.

(Decided Oct. 14, 1932.)

282

R. F. PEAK and W. R. REASOR for appellants.

C. E. RANKIN for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

In May, 1888, Nancy Jane Little, then a widow, executed her will containing some six clauses. Only clause 4 of this will is material to the controversy here presented, and for the determination of which our construction of the said clause of the will is asked. Clause 4 of the will is as follows:

> "I give my farm in Jefferson County, Kentucky, on the waters of Floyd's Fork to my granddaughter, Laura Della Beard, for her sole and separate use, free from the control or debts of any husband she may have, and in case of her death

without issue, then said land, or its proceeds, to pass to my two sons, Alexander A. and Charles M. Beard, and their heirs and assigns.''

At the time Nancy Jane Little executed this will in 1888, she had two sons, Alexander A. Beard and Charles M. Beard, the latter being the father of her granddaughter, Laura Della Beard, named as devisee in this clause of the will.

In 1896 Laura Della Beard married Robert Lee Thurman, and four children were born as the issue of their marriage, to wit, Margaret Thurman, born August 8, 1897; Charles B. Thurman, born October 22, 1898; Robert L. Thurman, Jr., born February 11, 1901; and William A. Thurman, born March 29, 1902, all of whom are now living and joined as coappellants herein with their mother, Della Beard Thurman.

The testatrix, Nancy Jane Little, died in December, 1906. One of her sons, Alexander A. Beard, predeceased his mother, having died April 10, 1906, intestate and without issue. Her other son, Charles M. Beard, survived her, dying intestate August 10, 1910, leaving surviving him his only child and heir at law, Della Beard Thurman, the appellant.

The appellee, the Northwestern Mutual Life Insurance Company, has an unsatisfied judgment against the appellant, Della Beard Thurman, and has caused an execution to be levied upon her interest in the land devised her by clause 4 of her grandmother's will, as above set out.

Alexander A. Beard and Charles M. Beard, the sons of the testatrix, who by the devise over were to take the property in the event of Mrs. Thurman's death without issue, are both dead, leaving the appellant, Mrs. Thurman, as the sole heir at law of each of them. The insurance company claims that in this way, upon the death of the two sons of the testatrix, the defeasible interest which they took under the will descended to Della Beard Thurman, and that such inherited interest, added to that taken by her under the will, makes her now the owner in fee simple of this devised property it has levied on, and that it is entitled to have the same sold for the satisfaction of its unsatisfied judgment against her.

Upon the other hand, Mrs. Thurman, claiming, as do also her children, that she took under the will only a life estate in the property and her children remainder interests therein, filed her action under the Declaratory Judgment Act (Civil Code of Practice, sec. 639a-1 et seq.), seeking a construction of the will and that appellee be restrained from proceeding under the levy.

The lower court, holding that Della Beard Thurman was the owner in fee simple under this devise, dismissed the petition.

From that judgment this appeal is prosecuted.

There is thus presented for our determination only the question of what title the appellant Mrs. Della Beard Thurman took in the property under clause 4 of the will. A determination of this question requires our construction of the will.

The learned chancellor below, in his disposition of this question in a very clear and ably written opinion, used this language:

"(1) In the case of a devise to A, with a gift over to B, if A should die without issue, there being no particular estate, two defeasible fees (interests, parenthesis ours) are created, one in A and the other in B. A's estate is one in fee simple, subject to be defeated only by his death without issue surviving him. His issue take nothing under the devise. A can sell the property and the purchaser will take an estate in fee, subject to be defeated only by the death of A without issue surviving him. Moran v. Dillehay, 8 Bush, 434; Hood v. Dawson, 98 Ky. 285 (33 S. W. 75, 17 Ky. Law Rep. 880); Eakins v. Eakins, 191 Ky. 61, 229 S. W. 130.

"The second defeasible fee (executory devise) created by such devise is that in B, to whom the property is given in the event A dies without issue surviving him. That is an estate in fee in remainder, subject to be defeated in the manner described.

"(2) If A can sell his estate, so his creditor, who has obtained an execution lien upon it, can have it sold, for the satisfaction of his judgment. The purchaser, at such judicial sale would take A's estate, that is to say, an estate in fee simple

subject to be defeated by A's death without issue. Deboe v. Lowen, 8 B. Mon. 616.''

We are of the opinion that the chancellor has, in these apt words, clearly stated the rule of construction applicable to the clause of the will under consideration (with our parenthetical modification of terms). By the language of the devise, the testatrix clearly evidenced her desire and intention to give her Jefferson county land to her granddaughter, the appellant, and to her two sons, Alexander A. and Charles M. Beard, in the way and manner therein directed, which is that she gives her farm to her granddaughter, Laura Della Beard, for her sole and separate use, free from the control or debts of any husband she may have, but, in case of her death without issue, then the said land, or its proceeds, is to pass to her two named sons, their heirs and assigns.

The gift is thus one to her granddaughter with the one qualification that, upon the event of her dying at any time without issue, then the devised land is to pass over to her two sons.

In such a devise, as stated in the quoted opinion, where the property is given to A with a gift over to B, if A should die without issue, and where there is no intervening particular estate, two defeasible interests are created, the one in Laura Beard Thurman and the other in remainder to the two sons of the testatrix.

In the case of Atkinson v. Kern, Trustee, 210 Ky. 824, 276 S. W. 977, the court had before it a similar question of will construction as that here presented. In that case, the testator, by the third clause of his will, said:

> "I will to my son, John and my daughter Mary Lou, all the rest of my estate of every description, to their own separate use and benefit. If my daughter should marry and die without heirs then her portion of my estate is to go to her brother."

The court, in construing this clause of the will, after an exhaustive review of the authorities therein considered, declared:

> "We conclude * * * that the correct rule is, that where an estate is given or conveyed directly to the devisee, without any intervening particular

estate, and without anything in the instrument indicating a contrary purpose, limiting words such as we have in this case have reference to the death of the taker at any time, and that the appellant in this case, under the will of her father, creating the situation just referred to, took a defeasible fee in the devise to her of his land, subject to be defeated by her death at any time without heirs or without issue, there being nothing in the will indicating a contrary purpose on the part of the testator.''

In announcing this rule of construction as being the approved and correct one, the earlier case of Harvey v. Bell, 118 Ky. 512, 81 S. W. 671, 674, 26 Ky. Law Rep. 381, was elaborately reviewed and all of its four rules of construction therein announced readopted as correct, rule 4 declared therein, which is applicable to the case at bar, being as follows:

"Where there is no intervening estate, and no other period to which the words 'dying without issue' can be reasonably referred, they are held, in the absence of something in the will evidencing a contrary intent, to create a defeasible fee which is defeated by the death of the devisee at any time without issue then living.''

Also in accord with this announced rule is the case of Cooper's Adm'r v. Clarke, 192 Ky. 404, 240 S. W. 361, and the earlier case of Wills v. Wills, 85 Ky. 486, 3 S. W. 900, 902, 9 Ky. Law Rep. 76, where, in an opinion of the court delivered by Judge Pryor, a devise similar to the one before us was held to create defeasible fees. In that case, the court, in defining and discussing the title rights of the parties secured thereunder, said:

"A defeasible fee is where the devisee becomes invested with the fee-simple title, subject to be divested upon the happening of some contingency provided by the will; as where an estate is devised to A., and, if A. should die without children, then to B. In such a case, the devise over takes effect in the event A. dies without children, and B. becomes the owner in fee of the estate. If A. should have children living at his death, then B. takes no interest in the estate, nor will the children left by A. take any interest whatever under the will, but will inherit the estate from A. The contingency

upon which A. is to be divested of title never happening, he was invested with the fee, and the estate passed by descent from A. to his children, and no right was acquired by them under the will. They inherit from the father, because he was the absolute owner of the estate.''

We therefore conclude that the contention of the appellant, Mrs. Thurman, that she took, under the language of this devise, a life estate with a remainder or defeasible fee in her children, subject to be defeated by her outliving them, is not in accord with the well-settled rule announced in the cases supra and is without merit. The claim is unsupported by the language of the devise, and is altogether inconsistent with any expressed intention on the part of the testatrix. We are therefore of the opinion that the devise of the land in question by the testatrix to her granddaughter and her two sons, made in the manner set forth and subject to the qualifications stated, was intended by her to divide, and did have the effect of dividing, her title in the land between them. The appellant, Della Beard Thurman, is by this devise given more than a life estate, but she is yet thereby given less than the fee. Under it, she is clearly given more than a life estate, because it provides that, should she leave surviving issue, her interest in the land becomes a fee which her issue could inherit from her, yet again her given interest in the land was less than a fee, for the reason that, by the qualification stated, should she die without issue, the estate given her would terminate and pass as an executory devise of the fee to the two sons named.

Again, by the express language of clause 4, in the case at bar there is no devise over to the issue of the first taker in the event they survive, while there is such devise over found in the cases cited and relied on by appellant as would devise over a remainder estate to the children of the holder of the life estate.

Under the language of this devise, we are of the opinion there was no intervening estate given or meant to be given appellant's children, but there was given only to her a defeasible fee in the land and to the two sons of testatrix an executory devise of the fee, to become effective, in the event of the fee given to Della Beard Thurman being defeated, by the contingency of her later death at any time without surviving issue.

From this it would follow that these two estates into which testatrix' title was thus divided—that is, the defeasible fee and the executory devise of the fee—constituted the whole or fee-simple title to the estate devised. The appellant could have at any time conveyed her estate in the land, the same to be held by her vendee under the same limitations upon which she held her defeasible fee. Also, under section 2341 of the Statutes, making any interest in or claim to real estate vendible and capable of being disposed of by deed or will, the two sons as holders of the executory devise could have disposed of their contingent interest in the land, as was held in the case of Fulton v. Teager, 183 Ky. 381, 209 S. W. 535, or it could have been subjected in an equitable action to the payment of an unsatisfied judgment against them. The People's Trust Co. of Madison, Ind. v. Deweese et al., 143 Ky. 730, 137 S. W. 201. The estate of the two sons taken under the devise being therefore one that was both vendible and subject to the principles of devise and inheritance, it must needs follow that, upon their death intestate, their contingent interest in the land taken under the devise passed by inheritance to the appellant as their sole heir at law, and thus was added their defeasible remainder fee, created by their executory devise, to appellant's defeasible fee, with the necessary result that, these two defeasible fees, together constituting the fee-simple title, being thus merged in appellant, she became vested with the full and absolute title to the property.

To such effect was this court's decision in the case of Hughes v. Collins, 197 Ky. 589, 247 S. W. 737, 738, wherein the beneficiary of a devise over conveyed to the first taker by quitclaim, the court holding that such merger of defeasible titles perfected the title. We quote the court's opinion as follows:

"It appears that the beneficiary of the limitation over, Mrs. Putnam, conveyed to her sister, Mrs. Purdy, by quitclaim deed all of her interest in the land and her deed operated to destroy the defeasance clause and to perfect the title in Mrs. Purdy."

Again, in Fulton v. Teager, supra, the court held that the owner of a defeasible fee and the owner of an executory devise could together convey a perfect title.

Appellant further contends, however, that the circumstances are here such as to show that the testatrix meant for her granddaughter to take under this devise only a life estate with the remainder to her children, looking to the end that the same might never be subjected to the debts of an improvident husband, and that, where such an intention to devise against such a contingency can be inferred, such words may be added or supplied by the court as are necessary for effecting such intent of the testator. Upon such grounds she insists that to effectuate such presumed intention of testatrix to preserve the devised property for appellant's children, free from her later indebtedness, this clause 4 of the will could and should be changed by the court, by its adding thereto (1) words limiting the estate of Della Beard Thurman to one for life, and (2) further words vesting it in the children in remainder.

It may be conceded that "all the cases recognize the rule that in the end all rules of construction are but means of ascertaining the testator's intention and that, when this is apparent from the whole will, it must be enforced." Looking to this end, the courts have not infrequently, upon needful occasion, changed or added a word or words for the purpose of correcting an evident mistake made in the drafting of a will or where found necessary to complete its sense or reconcile its apparently inconsistent provisions. This just and helpful rule of construction, authorizing the court's making minor changes found necessary to effectuate the intention of testator, is, however, one which must be assumed and exercised only for the purpose of carrying out the testator's wish and intention as evidenced and expressed in the will. Therefore, while the court stands ready and willing upon needful instance to exercise this rightful but limited authority to make slight corrections and minor changes of the character indicated, to the end of thereby making the will more clearly and effectually express the intent of the testator, we are, however, of the opinion that we would be exercising a very doubtful authority and unwise discretion to make or direct the additions and changes to the language of clause 4 of the will as here by the appellant contended for; that is, to so change its clear and unambiguous language, granting defeasible fees to the appellant and the two sons of the testatrix, by the addition of such words thereto as would convert it into an

entirely different devise of a life estate only to appellant with an intervening remainder in the property to her children.

Appellant contends that it was the evident intention of the testatrix to protect her and her children against the later loss of the devised property, through its subjection to debts, and, in order to effectuate this intention, clause 4 of the will should be construed to give to her but a life estate, with remainder therein to her children as an intervening estate, and that the words as proposed by appellant should be added to the devise as made by testatrix if found necessary to support such construction of its clause 4.

It is sufficient answer to this contention that this clause of the will, as drawn by testatrix in clear and unambiguous words, nowhere evidences any intention whatsoever to give to the appellant only a life estate or to her children any estate. Therefore, to add the requested words to clause 4 in order to justify a construction of it that would give to the appellant a life estate and her children an intervening remainder estate would be to so change her will through the force of such added words as to convert its clearly expressed devise of defeasible fees into one devising new and entirely different estates. We conceive that to add the suggested words to this devise would be the exercise of an authority to change the words of a will far beyond the proper bounds of the rule or the reason for the rule authorizing the making of minor changes in the words of a will for the purpose of carrying into effect the evident intention of the testatrix as gathered from the language of the will itself. It is our opinion that the rule expressing limitations upon the court's authority to change or add to the words of a will is correctly expressed in Roper on Legacies, which is quoted by appellant in her brief, as follows:

"Where the testator, in the disposition of his property, overlooks a particular event which, had it occurred to him, he would in all probability have provided against, the court will not rectify the omission by implying or inserting the necessary clause. * * *"

It is possible, as argued by appellant, that, had the testatrix known that Della Beard Thurman would in-

herit the whole estate in this land, and nearly fifty years later become involved in debt, she might have made some remainder provision for these children. There is nothing, however, in the will evidencing or indicating that such was her intention or that such protective thought occurred to her, and, she having therefore made no such provision in the will, we would hesitate to supply it, even under the influence of stronger or clearer evidence than here presented that such was her intention and desire.

For the reasons hereinabove indicated, we therefore conclude that the appellant Mrs. Thurman is now the owner in fee simple of this property, from which it results that the insurance company has the right to subject it to the payment of its debt.

Therefore, perceiving no error in the judgment of the learned chancellor below, same should be, and is now, affirmed.