## Wilson et al. v. Wilson et al.

(Decided Oct. 19, 1937.)

ERNEST N. FULTON for appellants.

W. H. PHILLIPS for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

T. E. Wilson, a resident of Nelson county, died testate July 3, 1935. His will and a codicil which had been duly admitted to probate in the county of his residence, omitting certain formal parts, read:

"First there is a marriage contract between my wife and myself, (recorded at Springfield, Ky.) and I will that my estate be settled in accordance with said contract.

"Second. I have paid a debt for J. J. Sharp (recorded at Corydon, Indiana) I will that my

daughter be charged with the amount, owed, but she is to pay no interest on said amount.

"Third. I will that my daughter Lula H. Sharp's interest in my estate is to be invested in a home to be used for the sole benefit of said Lula H. Sharp and her children free from the debts or control of her husband, J. J. Sharp, the residue of my estate must be equally divided between all of my children share and share alike.

"Fourth. I will that if any of my children die and leave no bodily heirs then their interest must revert to my heirs at law who may be living.

"Fifth. If any of my heirs try to break this my last will then they are to get Fifty Dollars and no more.

"Codicil No. 1. All of my children must have an equal share in whatever estate I die possessed of both real and personal."

At the time of his death he was the owner of an interest in some houses and lots in Mercer county, of comparatively little value; however, he had valuable real estate holdings in Nelson county.

In this action in the Mercer circuit court for sale and distribution of the proceeds of his real estate in that county, the question as to proper distribution of the proceeds called for a construction of his will, it being the contention on the one hand that under the will the four children of the testator who survived him each took a fee in the estate devised to them, while, on the other, it was contended that they each took a defeasible fee subject to be defeated by the death of any devisee at any time without issue. The chancellor adopted the latter view and adjudged that each of the children took a defeasible fee, and this appeal is from that judgment.

Clearly the question presented for decision is to be determined by section 2344, Kentucky Statutes, as construed by former opinions of this court. The opinion of the court in Atkinson v. Kern, 210 Ky. 824, 276 S. W. 977, 978, and all subsequent cases in construing wills with provisions similar to the fourth paragraph of the will under consideration, in applying the statute, have adhered strictly to the rule stated in Harvey v. Bell, 118 Ky. 512, 81 S. W. 671, 26 Ky. Law Rep. 381, reading thus:

"Where there is no intervening estate, and no other period to which the words 'dying without issue' can be reasonably said to have reference, they are held in the absence of something in the will showing a contrary purpose, to create a defeasible fee which may be defeated by the death of the devisee at any time without issue surviving him."

See Wallen v. Nicely, 222 Ky. 825, 2 S. W. (2d) 648; Laughlin v. Neeley's Ex'x, 223 Ky. 656, 4 S. W. (2d) 690; Whitlow v. Saunders, 237 Ky. 842, 36 S. W. (2d) 659, 660; Lightfoot v. Beard, 230 Ky. 488, 20 S. W. (2d) 90; Ryan v. Ball, 267 Ky. 83, 101 S. W. (2d) 187; Thurman v. Northwestern Life Insurance Company, 245 Ky. 281, 53 S. W. (2d) 568; Walters v. Walters, 238 Ky. 290, 37 S. W. (2d) 48, 49.

In Laughlin v. Neeley's Ex'x, supra, it is pointed out that in some of the cases subsequent to Harvey v. Bell, supra, the quoted rule and the statute upon which it was based had been overlooked, but in Atkinson v. Kern, 210 Ky. 824, 276 S. W. 977, the rule had been reaffirmed, and cases to the contrary overruled.

In Whitlow v. Saunders, supra, the will under consideration after devises to grandchildren of the testator, by a fourth clause devised the remainder of testator's estate to three daughters designated therein with a proviso that ,"if any of the above named (daughters) should die leaving no bodily heirs, I will that such a one's part go back to my estate [to] be divided as above stated." It was held that, since no different intention appeared from the will as a whole, the provision that if any of the daughters "should die leaving no bodily heirs" meant the death of any designated devisee at any time without issue, and that the will thereby created in the daughters a defeasible fee subject to be defeated by the death of such devisee at any time without issue at death. The similarity of the fourth paragraph of T. E. Wilson's will and the quoted excerpt from the will in the Whitlow Case is striking.

Counsel for appellant refers to and recognizes the rule laid down in the cases cited, but argues that the Wilson will differs from the wills under consideration in those cases, and, when read as a whole, it is manifest that the fourth paragraph referred to the death of the devisee before the death of the testator. In this connection attention is called to the clause directing that

248

the interest of Lula H. Sharp be invested in a home for the benefit of herself and her children, followed by a provision that the residue of the estate be divided between testator's children, share and share alike, and the codicil providing that each child should receive an equal share in testator's estate; and it is asserted that the intention of the testator thus expressed could not be carried out under the construction given the will, since, if one of the devisees died without issue and another died with issue after the death of testator, equality would not prevail. It may be pointed out, however, that the devisees share equally in the benefits of the estate for life and the limitation is effective only in the event some should die without issue. Like argument was made in the case of Walters v. Walters, supra, where a similar provision of a will was involved, and the court with reference thereto said:

"The argument would be meritorious if the will stood alone. But we must be guided by the statute which in effect becomes a part of the will. It provides that a different purpose must be plainly expressed in the instrument else the contingency or limitation will take effect upon the death of the beneficiary at any time. Such contrary purpose, in our opinion, is not clearly or plainly manifested in this will, and we are constrained to hold that the appellee has only a defeasible fee in the land involved."

The conclusions in the Walters Case aptly apply to this will, since no plainly expressed or manifest contrary purpose appears in it, whether the fourth paragraph be considered alone or in connection with the entire instrument.

Judgment affirmed.