## Haggin's Trustee et al. v. Haggin.

Sept. 27, 1940.

W. B. Ardery, Judge.

**822**

Bradley & Bradley for appellants.

Allen, Duncan & Duncan for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On March 7, 1918, Mary E. McMeekin of Georgetown, Kentucky—whose husband, John W. McMeekin, was then living—executed her will whereby she devised all of her property to her husband during his life and at his death to be divided between her then two living children, John McMeekin and Julia Markham, and her grandson, the appellee, Lewis K. Haggin, Jr., who was the son of Nannie Haggin, deceased, who was a daughter of the testatrix. However, she provided in her original will that "the share of the son of my said daughter Nannie Haggin to be held in trust by the Farmers Bank & Trust Company of Georgetown, Ky., until the said son shall be and become twenty-one years of age and in the event said son of my daughter Nannie Haggin shall die before arriving at the age of twenty-one then said share to be equally divided between my son John McMeekin and my daughter Julia Markham."

On October 4, 1919, she executed a codicil to her will wherein she said, inter alia: "If my grandson L. K. Haggin, Jr., should die without child or children I want what property he received from me go back to my family." The part of the estate in trust for the infant grandson until his arrival at the age of twenty-one years consisted of personal property in the amount of $30,800. Prior to May 20, 1939, the grandson (appellee) had arrived at the age of twenty-one years and on the date stated he was married with one living child born as a result thereof. After arriving at the age of twenty-one years with legal issue, the appellee as cestui under the trust created for him by his grandmother's will demanded possession of the fund from the trustee in conformity with his contention that under the will and codicil his estate in the trust became absolute because, as he contended, the words "die without child or children," as employed in the codicil, referred only to his death without such issue before arriving at the age of twenty-one years, and that having arrived at that age and having a child his estate in the fund became absolute and vested in him the right to its possession.

The trustee declined the request of appellee for the

possession of the property and on the day indicated filed this declaratory judgment action in the Scott circuit court, wherein all interested persons were made parties, for a declaration of rights, and in its petition it took issue with the appellee, insisting that the words of the codicil saying "die without child or children" should be interpreted as providing for the death of the grandson without such issue at any time. The other interested parties joined the trustees in that contention, and upon submission, after proper preparation, the court sustained the contention of the grandson and directed that the trust fund be delivered to him by his trustee, and that his title thereto became absolute and indefeasible because of the survival of himself and child at the twenty-first anniversary of his birth. From that judgment the trustee and co-contenders interested in the property of the testatrix prosecute this appeal.

The issue presented is purely a legal one, as well as a more or less disturbing one to the courts from almost time immemorial. It is—to what period do the words herein involved, or similar expressions as "dying without issue," etc., refer when employed with defeasance effect in a title conveying instrument, whether it be a will or an inter partes conveyance? Prior to the case of Atkinson v. Kern, Trustee, 210 Ky. 824, 276 S. W. 977, this court had wrestled with the question in a number of cases, sometimes arriving at one conclusion and in others at an entirely opposite one, as is pointed out in that opinion, and in the prior one of Linton v. Hail, 201 Ky. 698, 258 S. W. 111, 112. In the latter case four rules were formulated for the guidance of the courts in arriving at the correct interpretation of the intention of the makers of such instruments (and which are also incorporated in the Atkinson opinion), the second one of which says: "Where property is devised to one or more infants, to be held by trustees or guardians until they are of age, and then turned over to them or divided between them, with the provision that if any of them die without issue it shall go to the survivor or survivors, or if all die to a third person, the limitation as to 'dying without issue' is to be limited to a death in infancy before the period of distribution."

In a number of cases following the Atkinson opinion we applied the interpretative rules therein set out, unless the language of the instrument clearly indicated

a contrary intention and purpose on the part of the conveyor of the title, some of which are Ireland v. Cooper, 211 Ky. 323, 277, S. W. 483; Lightfoot v. Beard, 230 Ky. 488, 20 S. W. (2d) 90; Whitlow's Adm'r v. Saunders' Adm'r, 237 Ky. 842, 36 S. W. (2d) 659; Howard v. Howard's Trustee, 212 Ky. 847, 280 S. W. 156, and, perhaps, others, as well as in a number of cases preceding the Atkinson opinion. In some of those opinions there is at least an intimation of a distinction to be drawn as to the interpretation to be given between a case involving the transfer of title to real property and one involving a transfer of personalty, but that distinction, if it exists, required a more mandatory adherence to the incorporated rules laid down in the Atkinson and Linton opinions where the property conveyed was personalty than where it was realty. The property in this case being personalty we should, therefore, follow the formulated rules, unless there was a clear intention as manifested by the language employed by the testatrix that it should not be done.

Turning now to the expressions of the intention of the testatrix in the instant case as gathered from the language of her will and codicil, we find that in her original will she provided that if her grandson, the appellee, died before arriving at the age of twenty-one years—either with or without children—the property should then go to others as therein directed, and by which *his* children, if any, would be deprived of any interest in it. The only defeasance therein made of the title to the estate given to the grandson was his death *before* arriving at twenty-one years of age and, as we have said, either with or without children. If he survived that period his estate became absolute. The question then arises what purpose did the testatrix have in view in adding the codicil to her will insofar as it related to the estate devised to her grandson? During the interim between the execution of the original will and that of the codicil it no doubt dawned upon the testatrix that if a child or children should be born to her grandson before the defeasance event contained in her will then his domestic status would become most materially altered and changed because of the imposition of parental obligations that would thereby be imposed upon him, some of which being the expense of rearing, educating and otherwise providing for meeting such increased ob-

ligations and duties, and that he might not be able to meet them without the right to apply the corpus of his devised estate for such purposes, and which she desired him to have the right to do in the event of birth of children to him. Therefore, her codicil was nothing more than an insertion in her original will of the words "and without children" so as to make her original will read, "die before arriving at the age of twenty-one *and without surviving children.*" The intention clearly expressed in the original will for her grandson's estate to become absolute after he arrived at the age of twenty-one years would then be preserved, and at the same time the devise over of his estate to others if his death should occur before he became twenty-one years of age, although with children surviving him, would be defeated.

There is, therefore, to our minds, a clear reason for the addition of the codicil by testatrix to her will and which, under the provisions of inserted rule No. 2 supra, vested the absolute title in the appellee, the grandson, although he might die under the age of twenty-one years, provided he had living issue at that time. There is nothing in the entire will or codicil to indicate that testatrix entertained an intention by the execution of the latter to curtail the estate she had devised to her grandson in her original will, but rather that her intention was to narrow the contingency upon which the defeasance should take effect.

The learned trial court having so interpreted the will and codicil, its judgment is affirmed.