**ASHLAND OIL & REFINING COMPANY et al., Appellants,**

v.

**Karen M. RICE et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 23, 1964.

Gray, Woods & Cooper, John M. Williams, Reginald W. Becker, Ashland, for appellants.

Nickell, Fanning & Rose, Ashland, for appellees.

CULLEN, Commissioner.

The appeal is from a judgment determining title to a parcel of real estate upon the basis of a construction of the following provision of the will of Joseph B. Powell:

"* * * I give devise and bequeath all the rest residue and remainder of my real estate both real and personal to my beloved wife Rebecca C. Powell to have and to hold to her my said wife so long as she lives or remains my widow and at her death to be divided equally between my three children namely Karen M. Rice William B. Powell and Nancy J. Compton in case any one of my children should die without issue then the estate to be divided equally between the heirs of my body."

The three children survived the widow. William B. Powell subsequently died, leaving children, but before his death he conveyed his interest to his sister, Karen M. Rice. Nancy Compton later died, leaving a son to whom she previously had conveyed her interest, and he conveyed the interest to Karen. She is now an elderly widow with no children.

The circuit court held that the limitation in the will with reference to death of any of the children without issue was restricted to their death prior to the termination of the mother's life estate; that when the children all survived their mother they each acquired an indefeasible fee simple title to an undivided one-third of the estate; and that Karen M. Rice, by virtue of the devise to her of a one-third interest and the deeds to the other two-thirds interests, had good title such as to meet the obligation in her contract to convey title to the appellant Ashland Oil & Refining Company.

Under the decisions in Harvey v. Bell, 118 Ky. 512, 81 S.W. 671 and Atkinson v. Kern, 210 Ky. 824, 276 S.W. 977, the decision of the circuit court is correct. However, the appellant points to the statement in St. Joseph Hospital, Lexington v. Dwertman, Ky., 268 S.W.2d 646, at 647, that:

"In * * * [the] cases above cited [including Harvey and Atkinson] it was recognized that the statute [KRS 381.080], insofar as it referred to real estate, must be construed to mean the death of the person mentioned *at any time. * * *"*

Harvey and Atkinson laid down various rules of construction applicable to different situations. The rule applicable where there is an intervening life estate, and a gift over upon death of the remainderman without issue, is that the limitation with reference to death without issue is restricted to the death of the remainderman before the termination of the life estate. (That is the situation we have here.) However, the rule where there is no intervening estate is that the reference to death without issue means death at any time.

In Dwertman there was no intervening estate, and the only question was whether the provision concerning death without issue meant death of the devisees before the testator's death. The language hereinbefore quoted from Dwertman correctly stated the rule applicable to the situation in Dwertman.

It was not intended and should not be construed, out of context, as a departure from the rule stated in Harvey and Atkinson to govern situations where there is an intervening estate.

The judgment is affirmed.