## Duncan, et al. v. Duncan.

(Decided December 3, 1912.)

### Appeal from Logan Circuit Court.

Wills—Construction of.—The testator by his will devised a farm to
    his two sons, R. and S. jointly, providing that they should pay his
    estate each $500.00; and that if R. died without children, his share
    of the farm should revert to the estate. By a codicil to the will he
    provided that R. and S. should have the farm equally and jointly
    and should be released from paying $500 as required by the will.
    By a second codicil he devised to R. an outlet thirty feet wide
    through his home farm. Held, that under the will and codicils R.
    takes his half of the farm in fee simple.

J. W. LINTON for appellants.

S. R. CREWDSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

This appeal presents the single question whether R.
L. Duncan takes under his father's will and the codicils
thereto, a defeasible fee or a fee simple in the property
devised him.   The circuit court held that he took a fee
simple and from this judgment, the other parties in in-
terest appeal.

By the first clause of the will the testator directs the
payment of his debts and funeral expenses; by the sec-
ond clause he devises his home place, including the
household furniture and farming implements to his wife
for life, and after her death to his three sons, Walter,
Daniel and Thomas Duncan; by the third clause, he de-
vises to his son, Isaac Duncan, a certain tract of land in
fee simple.   The fourth clause is in these words:

"I give and bequeath to my two sons, R. L. and S.
H. Duncan to share and share alike, the place known as
the Moore farm, including the Rose field on the south
side of the river, with the understanding that they pay

five hundred dollars each to my estate. Should R. L. Duncan die without bodily heirs, his share in said land is to revert to my estate."

The will was made on October 4, 1902. On April 23, 1904, he made a codicil to his will which, among other things, provides as follows:

"First, It is my will and desire that my two sons, R. L. Duncan and S. H. Duncan, have jointly the farm known as the Moore place, equally and jointly, without payment of ($500) five hundred dollars each, as stipulated in my will and I further will to them a right of passway through my farm to the Morgantown road, so long as they may own said Moore farm."

On July 22, 1905, he made another codicil to his will, which among other things, provides as follows:

"I have given in my will, what is known as the Moore. farm to my two sons, R. L. Duncan and S. H. Duncan, who have divided said farm in which division R. L. Duncan gets the eastern part of said farm which virtually shuts him off of a passway to the Morgantown road as an outlet; now I desire and hereby give, devise and bequeath to him a passway to said public road through my lands 30 feet wide."

In Harvey v. Bell, 118 Ky., 512, after reviewing the previous decisions at length, we deduced from them the following rules:

"1. Where an estate is devised to one for life, with remainder to another, and, if the remainderman die without children or issue, then to a third person, the rule is that the words 'dying without children or issue' are restricted to the death of the remainderman before the termination of the particular estate."

"2. On the same principle, where property is devised to one or more infants, and is to be held by their trustees or guardians until they are twenty-one years old, and then be turned over to them, or divided between them, with the proviso that, if they die without issue, it shall go to the survivors; or, if all die, to a third person, it has been held that the limitation as to the dying without issue is to be limited to a death in infancy before the period of distribution."

"3. And where, by the will, the devise is to a class, and the period of division is postponed, even where the devisees are not infants, it has been held that the limitation as to dying without issue must be confined to a

death without issue before the period of division fixed by the will."

"4.   On the other hand, where there is no intervening estate and no other period to which the words 'dying without issue,' can be reasonably referred, they are held, in the absence of something in the will evidencing a contrary intent, to create a defeasible fee which is defeated by the death of the devisee at any time without issue then living."

"All the cases recognize the rule that, where there is any period to which words of survivorship can be reasonably referred, they will be so construed.   All the cases also recognize the rule that in the end all rules of construction are but means of ascertaining the testator's intention, and that, when this is apparent from the whole will, it must be enforced.   No procrustean rule can, therefore, be laid down as to the construction of words of survivorship, for while the words in one clause may have a well defined legal meaning, there may be other things in the will making it manifest that the testator actually used the words in a different sense, and when this is the case the rights of the parties must be determined by the meaning of the will taken as a whole. It is rare that two wills are exactly alike, and so, after all, rules of construction are often difficult of application.   From this arises much of the apparent confusion in the decisions."

This case has been followed and approved in Simpson v. Adams, 127 Ky., 794; Casey v. Fidelity Trust Co., 131 Ky., 609; Rice v. Rice, 133 Ky., 408; Rouling v. Rouling, 137 Ky., 639, and Bradshaw v. Williams, 140 Ky., 164.   In Washer v. Washer's Exor., 143 Ky., 645; Kohlopp v. Kohlopp, 143 Ky., 731, and Blackwell v. Blackwell, 147 Ky., 264, the decision turned on the provisions of the will there before the court, it being held that the will as a whole showed that the testator did not intend to create a defeasible fee.   Those cases were not intended to depart from the rule previously laid down.

In the case before us, the rights of the devisee, R. L. Duncan, are not to be tested by the clause of the original will alone, devising one-half of the Moore farm to him; for the testator evidently in making the codicils, had in mind that the original will might be understood as placing R. L. Duncan not on an equal footing with his brothers, and to remove any such impression, he said in his first codicil, "It is my will and desire that my

two sons R. L. Duncan and S. H. Duncan have jointly the farm known as the Moore place equally and jointly." They would not have it equally and jointly if S. H. Duncan had a fee in his part and R. L. Duncan only a defeasible fee in his part. If the testator had only contemplated relieving them from the payment of $500 each, there was no need of the words we have quoted above in this codicil; and we think it was evidently intended to put R. L. Duncan and S. H. Duncan on precisely the same footing. After this codicil was written R. L. Duncan and S. H. Duncan, having divided the farm between them, he made a second codicil to his will by which he gives R. L. Duncan a passway out to the public road through his lands thirty feet wide. This passway is appurtenant to the tract of land which he had got in the division and will run with the land; for it was intended to put R. L. Duncan on equality with his brother, as otherwise he would not have an outlet. The passway is devised without limitation of any kind and the devise shows that the testator then contemplated that R. L. Duncan had title in fee to his part of the land. We, therefore, conclude that taking the original will and the two codicils together, the testator intended to devise R. L. Duncan one-half of the Moore place in fee simple.

Judgment affirmed.