## Linton, Guardian v. Hail, et al.

(Decided January 25, 1924.)

### Appeal from Christian Circuit Court.

1. Wills—Meaning of Testator to be Ascertained.—The rule in the interpretation of wills is to ascertain from the whole instrument the meaning of the testator, if that may be done with reasonable certainty; but where, from the context, the language used, and phraseology employed, there is doubt or uncertainty as to the meaning in any respect, the courts must resort to rules of interpretation.

2. Wills—Expression as to death of Remainderman Without Issue Held to Mean Death Before Time for Division—"Die Without Lawful Issue."—Under a will devising life estate, remainder to grandchildren, and prohibiting division until youngest should become of age or sale for reinvestment except by consent of all, and, in that connection, providing that if any should die without lawful issue surviving that portion should go to the survivors and their issue, held, that the expression "die without lawful issue" meant death of remainderman before the specified period of division.

H. W. LINTON for appellant.

S. Y. TRIMBLE and TRIMBLE & BELL for appellees.

Opinion of the Court by Turner, Commissioner— Affirming.

In August, 1883, W. H. Fortson, a resident of Christian county, executed his will. Thereafter in 1888, after his death, the same was probated.

In the first clause he provided for the payment of his debts; in the second he devised to his son, H. C. Fortson, some land in McCracken county "as his full share of my estate." In the third he provided for the payment annually by his executors of a stipulated sum to an unfortunate son, John W. Fortson, during his life, and set apart two tracts of land aggregating about 80 acres, from which this sum should annually be realized.

The fourth, fifth and sixth clauses of his will are as follows:

"4. I give and bequeath to my wife, Naomi Fortson, all the remainder of my estate of every description, both real and personal during her life, or as long as she remains my widow, except only the money, notes, claims, accounts, bonds and stocks, which may be on hand at my death; upon the death or remarriage of my said wife, I desire that all the property herein devised to her, except such portion of the personal property as is exempt from distribution by law, shall pass to and become the property of my said four grandchildren, viz.: Annie C. Jones, W. H. F. Jones, Naomi Jones and Lizzie Jones, to be equally divided between them as hereinafter directed. I desire my wife to use the property herein given to her for the joint support of herself and my said grandchildren, and that the children shall be as 'libually' educated as possible out of the profits thereof.

"5. I desire that all the money, notes, claims, accounts, bonds and stocks which I may have on hand at my death, and which may not be used by my executors for the payment of my debts, and the above annuity to my son, John W. Fortson, shall remain in the hands of my executors as a fund to be used by them for all unavoidable accidents and contingencies, such as fires, storms or drouths, and that my executors shall only be required to account for such interest as they may receive thereon, and if at the death or remarriage of my said wife there remains any portion of said fund in use for these purposes,

I desire it to be divided among my said grandchildren equally, and upon the death of my son, John W. Fortson, I also desire the above lands set apart for his support to be divided between my said granchildren.

"6.   I desire that the lands herein given to my grandchildren above named shall not be divided until the youngest of them shall become of age, and that it shall not then be sold for reinvestment, or division of the proceeds except by consent of all, but be divided in kind among them, and should any of them die without lawful issue surviving them, I desire that the portion of my estate herein devised to them shall go to their surviving brother, or sister, and their issue."

It will be observed there is no limitation or restriction whatever placed upon the estate in remainder devised to the four grandchildren either in the fourth or fifth clauses, and the only limitation or condition is provided for in the sixth clause.

The first restriction is that there shall be no division among the grandchildren of the estate in remainder until the youngest of them shall become of age; the second is that it shall not even then be sold for reinvestment or division of the proceeds, except by consent of them all, but shall be divided in kind among them.  Up to this point there is no limitation upon the character of estate devised to the grandchildren in remainder in sections 4 and 5, but only certain directions as to the time and manner of division between them; and then in the same connection with the direction as to the time and manner of division, he appends this provision, "and should any of them die without lawful issue surviving them, I desire that the portion of my estate herein devised to them shall go to their surviving brother or sister and their issue."

The question is when does the defeasible fee in remainder devised to the four grandchildren in these sections become indefeasible?  That is, does the latter provision have reference to the death of any one of the four at any time in the future, or should it be restricted to the death of any one of the four prior to the time of division fixed in section 6?

The widow and afflicted son, the holders of the life estate, each died, and each of the four grandchildren

named was 21 years of age in 1891, when there was a partition among them of the land devised.

This is an action by one of the four grandchildren named in the will and her husband against the other three grandchildren, as well as the issue of each of the four, including children and grandchildren of the four named devisees in remainder in the Fortson will, wherein the plaintiff asserts absolue title to that part of the lands so set apart to her under the terms of the Fortson will, and wherein it is alleged that some of defendants are claiming that under a proper interpretation of the will the plaintiff has no such title, and that same upon her death at any time in the future, without issue surviving her, will revert to the other three named devisees in remainder under the Fortson will, and their issue. An interpretation of the will by the court is sought, and that it be adjudged that plaintiff has an absolute estate in fee to that portion of the lands so set apart to her in the partition or division.

The chancellor granted the prayer of the petition, and adjudged the plaintiff to be the owner in fee of the tract of land, and certain of the infants who were represented in the lower court by a guardian *ad litem,* have appealed through their said guardian.

The one universal rule for the interpretation of wills is to ascertain from the whole instrument the meaning of the testator, if that may be done with reasonable certainty; but where from the context, the language used and the phraseology employed, there is doubt or uncertainty as to the meaning in any respect, then the courts, from necessity, must resort to certain rules of interpretation which time and experience have demonstrated will in the greater number of instances effectuate that meaning.

Here we have a testator first devising a life estate in his lands to his wife and afflicted son, and then in remainder to his four named grandchildren. He then prohibits a division as among the grandchildren until the youngest shall become of age, and further provides it shall not even then be sold for reinvestment or division except by consent of them all, and then in that connection, and while dealing with the time and manner of diision, provides that if any one of the four should die without lawful issue surviving them, that portion so devised shall go to the survivors and their issue. It would appear from this, as a matter of original interpretation, and independent of the rules of construction hereafter con-

sidered, that the testator had reference to the time at
which the division should be made, rather than to the
time of the death of any one of the four in the indefinite
and far removed future, for he inserts that provision
which is the only restriction or limitation upon the title
devised to them in a clause where he is specifically deal-
ing with the time of division and the manner of division.

Prior to the opinion of this court in the case of
Harvey v. Bell, 118 Ky. 512, there was at least some con-
fusion in the opinions of this court relative to the rules
of construction in such cases. But in an elaborate opin-
ion in that case going into the whole matter in its differ-
ent phases these four rules of interpretation were laid
down:

> 1.  Where an estate is devised to one for life,
> with remainder to another, and it is further provided
> if the remainderman die without children or issue,
> then to another, the rule is that the words 'dying
> without children or issue' are restricted to the death
> of the remainderman before the termination of the
> particular estate.
>
> 2.  Where property is devised to one or more
> infants, to be held by trustees or guardians until they
> are of age, and then turned over to them or divided
> between them, with the provision that if any of them
> die without issue it shall go to the survivor or sur-
> vivors, or if all die to a third person, the limitation
> as to 'dying without issue' is to be limited to a death
> in infancy before the period of distribution.
>
> 3.  Where by the instrument there is a devise
> to a class, and the period of division is postponed,
> even where the devisees are not infants, the rule is
> that the limitation as to dying without issue has
> reference to a death without issue before the period
> of division fixed.
>
> 4.  On the contrary, where there is no inter-
> vening estate, and no other period to which the words
> 'dying without issue' can be reasonably said to have
> reference, they are held in the absence of something
> in the will showing a contrary purpose, to create a
> defeasible fee which may be defeated by the death
> of the devisee at any time without issue surviving
> him.

These rules of interpretation have been since con-
sistently followed by this court in a number of cases.

Bradshaw v. Williams, 140 Ky. 160; Duncan v. Duncan, 150 Ky. 824; Hughes v. Covington, 152 Ky. 421; Anderson v. Herring 154 Ky. 289; Henry v. Carr, 157 Ky. 552; Hanna v. Pruitt, 153 Ky. 511; Wilson v. Wilson, 151 Ky. 636.

Under them it requires no elaboration to show that the testator by the language used in the will in question had reference to the "dying without issue" of any one or more of the four grandchildren before the period of division fixed in the instrument itself. And especially does that interpretation appear to be in accord with his purpose in the light of the fact that the limitation is imposed in a section of his will where he was specifically dealing with the time and manner of division among them.

Judgment affirmed.