## Perkins v. Clark et al.

(Decided March 15, 1932.)

C. W. WELLS for appellant.

E. B. ANDERSON for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON— Reversing.

The disposition of this appeal requires an interpretation and construction of certain clauses of the will of Mildred Perkins. Clauses 3, 4, and 6 devise certain bequests. Clauses 2, 5, and 7 are as follows:

"Second. The remainder of my estate of every kind, character and description, I give, devise and bequeath to my trustee and executor, hereinafter named, to be held by him in trust, for and during the natural life of my daughter, Sarah D. Stirman, she to have and to receive during the whole of her natural life the income arising from all my said estate, except that portion thereof that may be necessary to keep in repair the buildings on the real estate, and pay taxes and insurance and any other assessments that may be imposed by legal authority against my said estate."

"Fifth: At the death of my said daughter, Sarah D. Stirman, I give and devise to my granddaughter, Ida Howard Perkins, my house and lot at No. 323 W. Fifth Street in Owensboro, Daviess County, Ky., but in the event the said Ida Howard Perkins should die without issue, either before or after I die, then this house and lot, that is the one at 323 W. Fifth St., in Owensboro, Kentucky, shall revert to my heirs at law."

"Seventh: After the death of my said daughter, Sarah D. Stirman, all of the remainder of my estate of every kind, character and description, not disposed of in the foregoing clauses of this my will,

shall be divided into two equal parts, one of these parts I give, devise bequeath to Mildred Clark, wife of Bailey T. Clark, to be hers in fee simple, absolutely and forever; the other part, that is one-half the remainder of my estate not disposed of as above stated, I give devise and bequeath to my granddaughter, Ida Howard Perkins, but if she should die without issue, either before or after I do, then this one-half the remained of my estate which I have devised to her, shall revert to my heirs at law.''

Counsel of the appellant and the appellees are agreed as to the rules of construction generally applied by this court in such cases. But they disagree in the interpretation of the language of the testatrix as it is used in the will, and also in the application thereto of the ordinary rules generally applied in such cases. The appellant insists the phrase, ''either before or after I die,'' in clause 5, and the words, ''either before or after I do,'' in clause 7, were not intended by the testratrix to fix the time of the defeasance of the estate devised to Ida Howard Perkins.

The appellees contend that the phrases, ''either before or after I die,'' and ''either before or after I do,'' in these clauses clearly indicate that the testator intended to and has thereby provided for the contingency, i. e., if the death of Ida Howard Perkins occur at any time, whether before or after the death of Sarah D. Stirman, the estate devised to her shall revert to testatrix' heirs.

In Harvey v. Bell, 118 Ky. 512, 81 S. W. 671, 26 Ky. Law Rep. 381, after reviewing the former opinions at length, this court formulated from them four rules for the construction of a will wherein the estate is devised to one for life with remainder to another, and, if the remainderman die without issue, then to a third person. These rules have been approved and the one or the other of them followed in many cases, some of which are Duncan v. Duncan, 150 Ky. 824, 150 S. W. 980; Ward v. Ward, 221 Ky. 391, 298 S. W. 938; Wallen v. Nicely, 222 Ky. 825, 2 S. W. (2d) 648; Linton Gdn. v. Hale, 201 Ky. 698, 258 S. W. 111; Walters v. Walters, 238 Ky. 290, 37 S. W. (2d) 48.

Section 2344, Ky. Stats., provides that, unless it plainly appears from the instrument that a different purpose is intended, every limitation in the will con-

tingent upon the person dying "without issue," or other words of like import, should be construed a limitation to take effect when such person shall die, unless the object on which the contingency is made to depend is then living, or if a child of his body, which is born within ten months next thereafter shall be living. The genesis of this statute was stated by this court in Atkinson v. Kern, 210 Ky. 824, 276 S. W. 977, and the rules stated in Harvey v. Bell, supra, were again approved and applied. The two lines of opinions of this court based upon identical facts and which were opposed to each other were stated and reconciled, and it likewise was stated that those opinions which conflict with the Harvey v. Bell opinion, and section 2344, Ky. Statutes, should no longer be regarded as stating the correct rule. It is contended by the appellees that the testatrix' use of the phrase, "either before or after I die," or "either before or after I do," takes this case out of the provisions of section 2344, supra, and the rule stated in Harvey v. Bell. We cannot concur in this construction. If the testatrix had intended to provide that the contingency of the death of Ida Howard Perkins without issue at any time, either before or after the death of Sarah D. Stirman, should determine the defeasance of the estate devised to Ida Howard Perkins, manifestly she would have chosen more appropriate and definite words with which to express such intention. These phrases do not refer to the death of Sarah D. Stirman. Neither of them is such an expression of a contrary or different purpose in the will as contemplated by the statute.

It is our construction of the will, notwithstanding the presence therein of the phrases, "either before or after I die," and "either before or after I do," that Ida Howard Perkins was devised thereby a defeasible fee contingent upon her dying without issue during the life of Sarah D. Stirman. Thackston v. Watson, 84 Ky. 206, 1 S. W. 398, 8 Ky. Law Rep. 193; Trice v. Slaughter, 11 Ky. Law Rep. 678; Spacey v. Close, 184 Ky. 523, 212 S. W. 127; Ireland v. Cooper, 211 Ky. 323, 277 S. W. 483; Wallen v. Nicely, supra. Under the prevailing rule, we are not authorized to ascribe to the use in the will of these phrases, the importance and effect insisted for by the appellees.

The judgment is reversed, and cause remanded for proceedings consistent with this opinion.