## Pegram et al. v. Kaufman et al.

(Decided Oct. 25, 1935.)

V. I. CARTWRIGHT and J. F. FAIRLEIGH for appellants.

DOOLAN & DOOLAN and MADDOX & GRAVES for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellants are some of the lawful heirs of William H. Pegram, and the appellee William T. Kaufman is the devisee of Emma Pegram Kaufman, and his co-appellees are the remaining heirs of William H. Pegram, who having refused to join as plaintiffs were joined as defendants. The court held William T. Kaufman to be the owner of the propery involved; hence this appeal.

### The Facts.

On July 9, 1919, William H. Pegram died, and in a few days thereafter a paper was probated as his will, of which we now copy so much as is involved in this controversy:

> "I, Wm. H. Pegram, being of sound mind do hereby make this my last Will and testament. I hereby will all of my personal property to my beloved wife Mollie E. Pegram. My real estate consisting of 28 acres to be held by my wife for her life time and at her death said real estate shall go to my niece Miss

Emma Pegram. If my niece shoul die without issues said real estate I bequeath to my lawful heirs.''

The testator's widow, Mollie E. Pegram, died February 27, 1920. Shortly thereafter the testator's niece, Emma Pegram, married William T. Kaufman and lived until March 21, 1930, and in a few days thereafter a paper was probated as her will by which she devised to William T. Kaufman the 28 acres that had been willed to her by William H. Pegram.

### The Question.

William H. Pegram wanted his widow to have this 28 acres as long as she lived, then he wanted it to go to his niece, but, if his niece should die without issue, then William H. Pegram wanted this property to go to his brothers and sisters, whom he described as ''my lawful heirs.'' Thus Pegram gave his niece this 28 acres and imposed but one limitation upon his gift, and the sole question is, To what time does that limitation refer? Does it refer to the death of the widow Mollie E. Pegram or the death of the niece Emma Pegram Kaufman?

### The Law.

Appellants cite section 2344, Ky. Stats., and say it refers to the death of Emma Pegram Kaufman, but they overlook the fact that this statute by its very terms does not apply when the testator's intention is evident from his will. Section 2344 was passed in 1871. By a similar statute passed in 1851 (see section 9, vol. 2, Rev. Stats. p. 227) it was provided:

''Every limitation in any deed or will, contingent upon the dying of any person without heirs or heirs of the body, or issue, or issue of the body, or children, or offspring, or descendant, or other relative, shall be construed a limitation to take effect when such person shall die not having such heir, or issue, or child, or offspring, or descendant, or other relative living at the time of his death, or born within ten months thereafter, unless a different limitation be plainly declared on the face of the instrument creating it.''

By a rule of this court theretofore adhered to (see Daniel v. Thomson, 14 B. Mon. [53 Ky.] 662) it was provided:

"the words 'if he die without issue * * *' or other words of similar import, are to be interpreted * * * as referring to the time of the person's death, unless the contrary intention is plainly expressed."

During all the history of this state, and under both these statutes and under the previous rule, as well as in other states under their various statutes and rules, the universal holding is thus stated in 69 C. J. p. 322, sec. 1333:

"Where the disposition of the property which is devised over is preceded by a prior estate for life or years, then the general rule is that the death without issue refers to a death occurring during the period of the intervening estate, such as before the death of the life tenant."

See the Kentucky cases listed on pages 323 and 324 of 69 C. J., and volume 19 Kentucky Digest, Wills, sec. 545 (4).

When Emma Pegram Kaufman outlived Mollie E. Pegram, her title to this 28 acres ceased to be defeasible, it was therefore absolute, and, the trial court having correctly adjudged her devisee, William T. Kaufman, to be the owner of this 28 acres, the judgment is affirmed.