## Deitchman et al. v. Woosley.

May 4, 1943.

Edrington & Redmon and James Boswell Young for appellants.

L. Frank Withers and Davis W. Edwards for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This case involves the construction of the following provisions of the will of John M. Seabolt:

"Second. After the payment of my just debts and funeral expenses, all the rest and residue of my estate, real, personal and mixed, of every kind whatsoever, I will to my beloved wife, Lizzie E. Seabolt, for and during her natural life, her interest being only a life estate therein.

"Third. In the event my said wife shall predecease me or at her death after me, I will that my estate shall be distributed as follows:

"A. That $1000.00 shall be paid to each of my granddaughters, Grace Seabolt *Diceman*, and Leona Seabolt, daughters of my deceased son, Russell Seabolt, and after the payment of said bequests to my granddaughters, (B) that all the rest and residue of my property, real, personal and mixed, shall go to my daughter, Lennie Lee Seabolt, in fee simple. My said daughter, Lennie Lee Seabolt has remained at home with me and my wife, and has been employed for a number of years and contributed to the support of the household and the accumulation of what property I have, and because of her faithfulness, I give her a larger share of my estate.

"Fourth: If my daughter, Lennie Lee Seabolt, shall predecease me, or die after me, without issue, then I will that the interest willed to her herein, shall go to my granddaughters, Grace Seabolt *Diceman* and Leona Seabolt, per stirpes. If my said daughter dies leaving issue, then such child or children shall receive the portion given to my daughter under this will."

Mr. Seabolt died, leaving his widow and the daughter and two grandchildren referred to in the will. The widow died prior to the institution of this action by the daughter, the appellee herein, wherein she sought to be adjudged the fee simple owner of the land left by her father, and the absolute owner of all the personal property left by him. The appeal is from a judgment in favor of the daughter.

The appellants insist that, when the will as a whole:

is construed, as is our rule (McGinnis v. Moore, 278 Ky. 587, 129 S. W. (2d) 141), it is clear Mr. Seabolt meant that his daughter take only a defeasible fee, subject to be divested thereof on the happening of the contingency provided in the will; namely, ''if she die without issue.'' The appellee invokes the first rule set forth in Harvey v. Bell, 118 Ky. 512, 81 S. W. 671, 674, as to the construction of such a provision in a will. She says also the will makes clear the intent of her father that she have the fee, because of the reference to the fact that she had made her home with her parents and had contributed to the support of the household and the accumulation of the property.

The first rule set forth in Harvey v. Bell, supra, follows:

''Where an estate is devised to one for life, with remainder to another, and, if the remainderman die without children or issue, then to a third person, the rule is that the words 'dying without children or issue' are restricted to the death of the remainderman before the termination of the particular estate.''

We think the case falls within that rule. The devise was to the wife for life, with remainder to the daughter, with the provision that the interest willed to her go to the granddaughters if she predeceased her father, or died after him without issue. Since the daughter survived the mother, her estate became absolute. See Atkinson v. Kern, 210 Ky. 824, 276 S. W. 977, and Perkins v. Clark, 242 Ky. 782, 47 S. W. (2d) 705. The latter case involves a provision of a will somewhat similar to the one in the case at bar.

The appellants contend also that the provision of the will which made the mother and the daughter the executrices of the estate, with power to sell and reinvest it, took away the fee given the appellee in Clause Three, because no mention was made as to the disposition of the proceeds in the event of a sale. We are not in accord with this view. The provision gave to the executrices the power to sell any of the real estate in the event it became necessary for them to do so in the settlement of the estate, or if they deemed it advisable to sell for the purpose of reinvestment. The provision related to the settling and handling of the estate, and was not intended to limit the character of the estate given the daughter.

We think that view sound, when the provision under discussion is considered in connection with Clauses Three, Four and Five of the will.

Judgment affirmed.