# Mitchell et al. v. Deegan et al.

### Feb. 15, 1946.

J. B. Campbell for appellants.

H. H. Owens for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On September 26, 1927, John Inman and wife, Nannie Inman, conveyed to their daughter, Linda Inman, ten acres of the farm he then owned in Knox County, Kentucky. In the deed is this limiting clause: "Grantors hereby retain the ownership, and control, of said property during their life time, at which time the grantee shall become the sole owner, and in the event of grantee's death, leaving no heirs, then the said property shall be equally divided between the remaining heirs of the said grantors."

John Inman was about 70 years of age at that time and he died on June 30, 1928, whilst his wife, Nannie

Inman, died on February 24, 1929. We assume (there being nothing in the record to the contrary) that John Inman died intestate. On March 19, 1931 (after the death of the two grantors) the grantee, Linda Inman—who survived her parents and was then 41 years of age, unmarried and without children—borrowed from John L. Deegan $1,700 for which she executed her note and gave a mortgage on the land so conveyed to her to secure that debt. On November 15, 1935, Deegan, in an action filed in the Knox circuit court, obtained a judgment against Linda Inman for his debt and the enforcement of his mortgage lien, the court directing the sale of the land for that purpose. At the sale Deegan was the purchaser which was reported by the Master Commissioner making the sale, and that report was confirmed followed by a deed to the land by that officer to plaintiff in that action, the absolute title to the land being conveyed thereunder. On November 11, 1944, Deegan conveyed the absolute title to the land to defendants, and appellees, Charles V. Wells and Juanita Wells, his wife.

This declaratory judgment action was filed in the Knox circuit court on March 24, 1945, by the surviving heirs of John Inman and wife (other than Linda Inman) against appellees, J. L. Deegan and Charles V. Wells and wife, in which plaintiffs alleged that Linda Inman, having arrived at the age of 55 years without issue or children, was incapable, as they alleged, under the laws of nature, from bearing a future child and should be considered in law as now dead for the purposes of construing the deed as to what title she acquired therein. It was then alleged that she was constructively dead without heirs or issue and they, under the terms of the deed, became and are now the owners of the fee upon the event of her death.

Plaintiffs prayed for a judgment "setting out the rights of all parties concerned, and, as to whom the title is now vested, at this time, or if not vested, when and in whom will it vest, and as to the rights of each, and also as to how this property shall be improved, if improved, and if so, at whose expense, or at whose peril."

The court sustained a demurrer to the petition and plaintiffs declined to plead further. It then entered judgment declaring that the qualifying language in the deed to Linda Inman saying, "in the event of grantee's death leaving no heirs then the said property shall be

equally divided between the remaining heirs of the said grantors," had reference to her death before that of her grantors and that if she outlived them without issue she acquired an absolute title to the conveyed land. Having so concluded the court adjudged that appellees, Charles V. Wells and wife, were and are the absolute fee owners of the conveyed tract. It then dismissed the petition, from which plaintiffs prosecute this appeal.

Prior to the opinion of this court in the case of Harvey v. Bell, 118 Ky. 512, 81 S. W. 671, there had arisen some confusion in the opinions of this court as to the proper interpretation of section 2344 of Carroll's Kentucky Statutes, now section 381.080, KRS, saying: "Unless a different purpose is plainly expressed in the instrument, every limitation in a deed or will contingent upon a person dying 'without heirs,' or 'without children' or 'issue,' or other words of like import, shall be construed a limitation to take effect when such person dies, unless the object on which the contingency is made to depend is then living, or, if a child of his body, such child is born within ten months next thereafter."

In the Harvey opinion this court interpreted it and its operating effect under four different sets of fact which were set out in full in the later case of Linton v. Hail, 201 Ky. 698, 258 S. W. 111, and later copied and approved in the case of Atkinson v. Kern, 210 Ky. 824, 276 S. W. 977. The first of those rules as so enunciated and approved is: "(1) Where an estate is devised to one for life, with remainder to another, and it is further provided if the remainderman die without children or issue, then to another, the rule is that the words 'dying without children or issue' are restricted to the death of the remainderman before the termination of the particular estate."

In the Atkinson opinion prior contradictory opinions were referred to, and those departing from the rules adopted in the Harvey opinion were overruled, whilst those following and approving such rules were followed in that opinion. The established interpretation so approved has since been followed by this court. The section of the statute supra especially prescribes that the rule of interpretation therein contained applies to both deeds and wills, and in the Atkinson opinion it is held that the limiting language of "dying without heirs," with a conveyance over in that event is tantamount

to and the same as "dying without issue," which is most clearly so in this case, since the grantor's heirs (the ultimate grantees of the vendors in this case) would likewise be the heirs of grantee who was his daughter. Therefore, the phrase "without heirs" as applied to Linda Inman clearly meant without issue.

The grantee, Linda Inman, having survived her parents from whom she obtained her title to the land conveyed, ipso facto became vested upon their deaths, under rule (1) supra, with the fee simple unencumbered and unqualified title to the conveyed land. She therefore possessed the right to deal with it as such title owner, and when she mortgaged it to John L. Deegan she put in lien the fee-simple title which she had thus acquired, and which Deegan acquired for himself upon his purchase of the land at the judicial sale. He, therefore, conveyed like title to defendants, Charles V. Wells and wife. The same conclusion was adopted by this court in the case of Pegram v. Kaufman, 261 Ky. 50, 86 S. W. 2d 1042, although there was no reference in that opinion to the interpretive rules first announced in the Harvey opinion.

But it may be insisted that the first one of those rules says that, "Where an estate is *devised* to one for life," (our emphasis) etc., and that it should not apply to a remainder interest so circumscribed and qualified when it is created by a conveyance other than a devise. However, the statute, which rule (1) interpreted, applies to "every limitation in a deed or will," etc. But without such language in the statute we are without any logical reason to draw a distinction between the creation of a remainder interest by will, and one created by deed when each instrument provides for a particular estate to precede the remainder.

John Inman in the instant deed created by retaining for himself and wife a preceding particular estate for each of them, and the remainder title which he conveyed to his daughter was expressed in language governed by the interpretive rule (1) to which we have referred. An examination of the cases to which we have referred, and others cited in them, will reveal that the instrument under consideration was a deed and the title to the remainderman should be interpreted as prescribed in rule (1).

Before closing the opinion it might also be said that

the court in rendering its judgment gave an additional reason in support of the declarations it made and which was that the deed limiting the title to the heirs of the grantor in the contingency of the death of Linda Inman without issue violated the rule against perpetuities. However, it is clear that the court was in error in making that interpretation, since the vesting of title to the land conveyed in the heirs of the grantor upon the death of the grantee, their daughter, without heirs was but a postponement of vesting of title in the heirs of the grantor for the life of persons then in being which does not postpone the vesting of title beyond the life or lives of persons in being and 21 years and 10 months thereafter.

For the reasons stated the judgment is affirmed.