## Pence et al. v. Farris et al.

October 15, 1946.

Pat Rankin for appellants.

W. H. W. Reynolds for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

The decision of this case depends upon the construction of the will of George H. Farris which was probated in Lincoln County October 13, 1924.

The will is as follows:

"Stanford, Ky.
"March 1st 1922.

"Revoking other wills. This is my last will and testament. At my death I want all debts paid first. My wife to have the real estate her life, at her death the Myers house and vacant lot next to the Presbyterian Church to go to my daughter Bessie Clay Farris. The Elmore property, the two store rooms, corner Main and Somerset Streets to go to my son, Geo. Fleece Farris.

"The Lincoln County National Bank Stock to be divided between Bessie ·Clay Farris and Geo. Fleece Farris also the Trust Co. Stock divided between daughter and son.

"If Geo. Fleece Farris dies without heirs his inheritance shall go to Bessie Clay Farris. If Bessie Clay Farris dies without heirs, her inheritance to go to Geo. Fleece Farris. If both die without heirs then property to be divided between heirs of myself and wife.

"The Water, Light and Ice Co. Stock to wife, Janie C. Farris, to dispose of as she desires. All outstanding notes and accounts to go to wife, also cash. I hereby name Lincoln Trust Co. executor of above will.

"Geo. H. Farris."

George H. Farris left surviving him his widow, Mrs. Janie C. Farris, and the two children named in the will. The surviving widow is now dead. Both children are living and both are married. The son does not have any children; the daughter has two children.

The controversy arose in this manner: A contract was entered into between the appellants and the appellees whereby the appellees agreed to convey to appellants jointly a fee simple title to the "Elmore property" which was devised in the will of George H. Farris. The appellants agreed to pay appellees the sum of $7,500 upon receipt of a deed conveying such title to the property. Pursuant to the contract of sale a proper deed was executed by appellees and tendered to appellants, but payment of the purchase price was refused because of the doubt of the validity of the title by reason of the provisions of the will aforesaid.

Therefore, the question presented for decision is whether or not, under the facts as stated herein, the deed tendered passes a fee simple title to the property described therein.

The lower court adjudged that George F. Farris was vested with a fee simple title to the property devised to him in the will, and directed specific performance of the written contract.

Section 381.080 provides:

"Unless a different purpose is plainly expressed in the instrument, every limitation in a deed or will contingent upon a person dying 'without heirs,' or 'without children' or 'issue,' or other words of like import, shall be construed a limitation to take effect when such person dies, unless the object on which the contingency is made to depend is then living, or, if a child of his body, such child is born within ten months next thereafter."

In Mitchell v. Deegan, 301 Ky. 587, 192 S. W. 2d 715, it was pointed out that prior to the decision in Harvey v. Bell, 118 Ky. 512, 81 S. W. 671, 674, there was some confusion as to the correct interpretation of this statute, which was formerly 2344, Carroll's Kentucky Statutes. In that opinion the operating effect of the statute was determined as it applies to facts such as appear in this case. There it is said:

"Where an estate is devised to one for life, with remainder to another, and, (it is further provided) if the remainderman die without children or issue, then to (another), the rule is that the words 'dying without children or issue' are restricted to the death of the remainderman before the termination of the particular estate."

This construction of the statute was approved in the cases of Linton v. Hail, 201 Ky. 698, 258 S. W. 111, and Atkinson v. Kern, 210 Ky. 824, 276 S. W. 977. In the Atkinson case contrary opinions were expressly overruled, and since that time the interpretation established in the Harvey opinion has been consistently followed.

This rule of interpretation applies to both deeds and wills. See Mitchell v. Deegan, supra. However, the rule des not apply where the will as a whole plainly expresses a contrary purpose. This is so by reason of the express provisions of Section 381.080, and the appellants insist that when the Farris will is construed as a whole, which we are required to do (McGinnis v. Moore, 278 Ky. 587, 129 S. W. 2d 141) it is clear that the testator intended that his son, George F. Farris, should have only a defeasible fee.

In Mitchell v. Deegan, supra, the clause construed is as follows:

" 'Grantors hereby retain the ownership, and control, of said property during their life time, at which time the grantee shall become the sole owner, and in the event of grantee's death, leaving no heirs, then the said property shall be equally divided between the remaining heirs of the said grantors.' "

Under this language it was held that the remainderman, who was then forty-one years of age, unmarried and without children, had a fee simple title to the property involved.

In the case of Deitchman et al. v. Woosley, 294 Ky. 186, 171 S. W. 2d 256, 257, the will under consideration provided:

" 'If my daughter, Lennie Lee Seabolt, shall predecease me, or die after me, without issue, then I will that the interest willed to her herein, shall go to my granddaughters, Grace Seabolt Diceman and Leona Seabolt, per stirpes. If my said daughter dies leaving issue,

then such child or children shall receive the portion given to my daughter under this will.' ''

In that case the court applied the first rule set forth in Harvey v. Bell, supra, which has been quoted herein, and determined that the daughter's estate became absolute upon the death of her mother.

It will be noted that under the provisions of the will under consideration the testator provided that if the son dies without heirs his sister shall take his inheritance, and if the daughter dies without heirs her inheritance shall go to the brother, and that if both die without heirs then the property is to be divided between the heirs of the testator and his wife. Appellants insist that this language clearly expresses the intention that the son, George Farris, is to receive only a defeasible fee in the event he dies without heirs, and since he has no children he is not possessed of an absolute estate in the property. We do not agree. It does not appear to us that the language of the will is susceptible to such construction. We think that it may be said that the intention of the testator, as expressed in the will as a whole, is not entirely clear. Indeed, it is difficult to determine whether the words "dies without heirs" were intended to apply at the time of the death of the surviving widow. Under such circumstances the requirements of the statute that a different purpose must be "plainly expressed" are not met, and we are forced to apply the first rule set forth in Harvey v. Bell, supra. Under that rule the estate devised to George F. Farris became absolute upon the death of his mother, and he is now vested with a fee simple title to the property involved.

Since the lower court reached this same conclusion its judgment is correct and is affirmed.